ELIZABETH HANLEY, as Administratrix of the Estate of BERNARD J. HANLEY, Deceased, Appellant-Respondent, *v.* ERIE RAILROAD COMPANY, Respondent-Appellant.

Second Department, March 1, 1948.

*Harry E. Kreindler* and *Max J. Wolff* for plaintiff-appellant-respondent.

*Theodore Kiendl, William H. Timbers* and *Cleveland C. Cory* for defendant-respondent-appellant.

*Per Curiam.* Action under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*) to recover damages for the wrongful death of plaintiff's intestate. After a trial, a jury returned a verdict for plaintiff in the sum of $82,913.55, in accordance with a finding apportioning the negligence of defendant as 75%, and that of intestate as 25%.

We are here concerned with a Federal question. The proof must be evaluated under the later Federal cases relating to the Federal Employers' Liability Act. So evaluated, it clearly presents a question of fact as to defendant's negligence and was ample to entitle the jury to find that plaintiff's decedent was decapitated by a backward movement of a train without customary warning and the presence of an employee at the rear, as was the usual practice, while decedent was crossing the tracks of defendant's freight yard upon finishing his work for the day. (*Tennant* v. *Peoria & P. U. Ry. Co.*, 321 U. S. 29; *Lavender v. Kurn*, 327 U. S. 645; *Ellis* v. *Union Pacific R. R. Co.*, 329 U. S. 649; *Murphy* v. *Boston & Maine Railroad*, 319 Mass. 413; *Eglsaer* v. *Scandrett*, 151 F. 2d 562; *Rivas* v. *McAllister Lighterage Line*, 151 F. 2d 848.) Under the restricted power of the court over a jury's verdict in actions under this Federal act, the determination of the jury on the body of proof in this record on the issue of liability may not be disturbed by a trial or appellate court. The exercise of the supervisory power of the court over a jury's verdict on the issue of liability is exhausted when it appears that there is credible evidence presenting an issue of fact as to defendant's negligence. (*Lavender* v. *Kurn, supra,* p. 653; *Bailey* v. *Central Vermont Ry.*, 319 U. S. 350, 353; *Tennant* v. *Peoria & P. U. Ry. Co., supra,* p. 35; *Palum* v. *Lehigh Valley R. Co.*, 165 F. 2d 3.) The court, therefore, erred in setting aside the verdict herein, especially where so much of the proof was contained in depositions, diagrams and exhibits.

The verdict, however, should be reduced in accordance with the discretion exercised by this court in that respect, even in death cases, under the Federal Employers' Liability Act. (*O'Reilly* v. *New York Central R. R. Co.*, 240 App. Div. 1009, affd. 264 N. Y. 626; *Whittaker* v. *New York Central R. R. Co.*, 231 App. Div. 765, affd. 256 N. Y. 543; *Millette* v. *New York, Westchester & Boston Ry. Co.*, 169 App. Div. 126.) The proof in this case does not sustain the assessment, which purports to represent 75% of the total damages, in accordance with the proportionate negligence rule contained in the Federal statute. The proof, having in mind the present purchasing power and value of money, only justifies an assessment, on a 75% basis, of $60,000. Although the funeral expenses are not recoverable under the act (*Delaware, L. & W. R. Co.* v. *Hughes*, 240 F. 941), they are included in accordance with the stipulation of the parties as to amount and the unchallenged charge of the court, which constitutes the law of the case.

The order should be modified on the law and the facts by adding to the second ordering paragraph the following: " unless within twenty days after the entry of the order hereon plaintiff stipulate to reduce the amount of the verdict from $82,913.55 to $60,753.46, in which event the motion is denied." As so modified, the order is unanimously affirmed, with costs to plaintiff in the event she stipulate as above, but in default of such stipulation, the order is unanimously affirmed without modification, with costs to defendant to abide the event.

LEWIS, P. J., CARSWELL, JOHNSTON, ADEL and WENZEL, JJ., concur.

Order modified on the law and the facts by adding to the second ordering paragraph the following: " unless within twenty days after the entry of the order hereon plaintiff stipulate to reduce the amount of the verdict from $82,913.55 to $60,753.46, in which event the motion is denied." As so modified, the order is unanimously affirmed, with costs to plaintiff in the event she stipulate as above, but in default of such stipulation, the order is unanimously affirmed, without modification, with costs to defendant to abide the event.