WINCENTA LESZCZYNSKI et al., as Administratrices of the Estate of KAZIMER LESZCZYNSKI, Deceased, Respondents, v. PENNSYLVANIA RAILROAD COMPANY, Appellant.— In an action under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*) to recover damages for the wrongful death of plaintiffs' intestate, defendant appeals from a judgment in favor of plaintiffs, after

trial before the court without a jury. Judgment modified on the law by striking therefrom the sum of $10,549.50, the interest on the court's award, computed from the date of decedent's death. As so modified, the judgment is unanimously affirmed, without costs. The findings of fact are affirmed. Under the Federal doctrine applicable in cases under the Federal Employers' Liability Act, there was ample proof to support the court's finding that decedent met his death because of defendant's negligence, while he was engaged in the performance of his duties as an employee upon the train which killed him. (*Hanley* v. *Erie R. R. Co.,* 273 App. Div. 257, and cases cited therein.) It was error, however, to add interest from the date of death to the amount of plaintiffs' damages as fixed by the trial court. (*Murmann* v. *New York, New Haven & Hartford R. R. Co.,* 258 N. Y. 447.) As plaintiffs have not cross-appealed, this court may not pass upon their contention that the damages awarded below were inadequate. (*Kelsey* v. *Western,* 2 N. Y. 500; *Matter of Burk,* 273 App. Div. 1012.) Neither may we consider, as proper argument, the intemperate statements contained on pages 8 and 9 of respondents' brief. Such statements, unsupported by the record, have no place in a brief submitted to this court. Present — Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ.