In the Matter of the Accounting of FRANCIS X. BLACKMORE, as Administrator of the Estate of JOHN J. SCHELLER, Deceased.

Surrogate's Court, Bronx County, April 1, 1949.

*James M. Grady* for William F. Donovan, Inc., petitioner.

*Frank J. Ricca* for administrator.

HENDERSON, S. This is an application by the undertaker who conducted decedent's funeral to compel the administrator herein to account.

The decedent died on June 23, 1944, as a result of injuries sustained while engaged in the performance of his work as an employee of the New York Central Railroad. His sole distributee is an infant daughter who, prior to decedent's death, was adopted by the person who is the administrator of this estate.

The undertaker rendered his services at the request of certain relatives of decedent and his bill has not been paid.

It is conceded that the only funds in the hands of the administrator are the proceeds of the settlement of an action brought by him for the death of the decedent, under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*). There are no other assets of the estate.

The administrator contends that the petitioner has no claim against the funds in his hands.

The Federal statute expressly provides that in case of death, the suit thereunder must be brought by the personal representative of decedent's estate. Such representative, however, does not sue by reason of his inherent right as a representative of the estate but by virtue of the designation made by the statute. The recovery is not for the benefit of the estate but solely for the benefit of designated relatives (*Gulf, Colorado & Santa Fe Ry. Co.* v. *McGinnis,* 228 U. S. 173).

As a result of the provisions of the statute, the administrator herein is " ' a special statutory trustee ' " and holds the proceeds of the action subject to a special trust for the benefit of a designated person (*Baldwin* v. *Powell,* 294 N. Y. 130, 134).

In actions brought under the statute, the measure of damage is fixed by that law and must be distributed in accordance therewith (*Chesapeake & Ohio Ry. Co.* v. *Kelly,* 241 U. S. 485).

It is well settled that funeral expenses are not recoverable as a proper element of damage under such statute (*Hanley* v. *Erie R. R. Co.,* 273 App. Div. 257; *Collins* v. *Pennsylvania R. R. Co.,* 163 App. Div. 452).

The administrator therefore has no discretion in this matter. He is limited solely to compensating the person or persons for whom the action was brought. The petitioner is not one of those persons.

The application is denied.

Settle order.