Herbert D. Hamm, J.
This case arose under the Federal Employers’ Liability Act. The jury rendered a verdict in favor of the plaintiff employee and against the defendant railroad for $14,000. At the close of the plaintiff’s case the defendant moved for a nonsuit and dismissal of the complaint, at the close of the entire case the defendant renewed its motion and moved for a directed verdict and, after the verdict, the defendant renewed all prior motions and moved for judgment in favor of the defendant notwithstanding the verdict and to set aside the verdict as against the weight of evidence and as excessive. On all motions decision was reserved.
In cases under the act gtate courts are governed by Federal law and by its interpretation by the Federal courts. “ The rights which the Act creates are federal rights protected by federal rather than local rules of law.” (Bailey v. Central Vermont Ry., 319 U. S. 350, 352.) “ The rights and obligations of the parties under that chapter, whether relating to questions *976 of negligence, the weight of evidence, assumption of risk or contributory negligence on the part of the employee, depend exclusively upon the terms of the Federal statute, upon applicable principles of common law and upon the Federal decisional law ” (Sadowski v. Long Is. R. R. Co., 292 N. Y. 448, 453).
The defendant’s motions for a nonsuit, a directed verdict and judgment for the defendant notwithstanding the verdict must be denied. The weight of the evidence must be more than a scintilla before the case may properly be left to the discretion of the jury (Brady v. Southern Ry. Co., 320 U. S. 476, 479). But, under the act, on a motion for a directed verdict or its equivalent it is the rule that the evidence must be appraised in the light most favorable to the employee and in these cases the Supreme Court has gone very far in decisions that are liberal to the injured employee (Tiller v. Atlantic Coast Line R. R. Co., 318 U. S. 54; Tennant v. Peoria Pekin Union Ry. Co., 321 U. S. 29; Lavender v. Kurn, 327 U. S. 645; Ellis v. Union Pacific R. R. Co., 329 U. S. 649; Wilkerson v. McCarthy, 336 U. S. 53; Brown v. Western Ry. of Alabama, 338 U. S. 294; Schulz v. Pennsylvania R. R. Co., 350 U. S. 523 [Jones Act]). The rule was recently restated in O’Day v. Chicago Riv. & Indiana R. R. Co. (216 F. 2d 79, 83):
“ We reiterate what we said in Wetherbee v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 191 F. 2d 302, 308:
“ ‘An appellate court may not reweigh the evidence * * * because the judges would draw different inferences * * * than_the jury drew, or because they think that another result would be more reasonable. Tennant v. Peoria & P. U. Ry. Co., 321 U. S. 29, 35, 64 S. Ct. 409, 88 L. Ed. 520. “ Only where there is a complete absence of probative facts to support the conclusion reached does reversible error appear. ’ ’ Lavender v. Kurn, 327 U. S. 645, 653, 66 S. Ct. 740, 744, 90 L. Ed. 916.’
“ The judgment in favor of the defendant notwithstanding the verdict, is reversed, with directions that it be vacated, without prejudice, however, to the right of the District Court to rule upon defendant’s motion for a new trial.”
As to the defendant’s motion to set aside the verdict as against the weight of evidence, rule 59 of the Federal Buies of Civil Procedure (U. S. Code, tit. 28, p. 4343) provides that a new trial may be granted “ for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ”.
Under New York State law on a motion to set aside a verdict the rule is that “ The discretion vested in the trial court by section 549 of the Civil Practice Act recognizes the position of the *977 judge presiding at a trial and places upon Mm ‘ the duty of maintaining reasonable consistency between the weight of evidence and the verdict reached.’ (Mann v. Hunt, 283 App. Div. 140, 142.) ” (Cook v. Lewis, 285 App. Div. 1201, 1202.) However, in cases under the act State courts are governed by Federal law and the construction, application and interpretation of the Federal law by the appellate courts of New York is, of course, binding on the trial court. The supervisory power of the court over a jury’s verdict on the issue of liability is restricted in actions under the act (Leszczynski v. Pennsylvania R. R. Co., 274 App. Div. 1003, 1004, affd. 299 N. Y. 709).
In Hanley v. Erie R. R. Co. (273 App. Div. 257) the trial court set the verdict aside as against the weight of evidence. The Appellate Division, Second Department, held that this was error. The Court of Appeals affirmed without opinion (298 N. Y. 816). Judge Fuld dissented on the ground that the record was “ devoid of any evidence that defendant was guilty of negligence ”. At page 258 the Appellate Division wrote: “ We are here concerned with a Federal question. The proof must be evaluated under the later Federal cases relating to the Federal Employers’ Liability Act. So evaluated, it clearly presents a question of fact as to defendant’s negligence and was ample to entitle the jury to find that plaintiff’s decedent was decapitated by a backward movement of a train without customary warning and the presence of an employee at the rear, as was the usual practice, while decedent was crossing the tracks of defendant’s freight yard upon finisMng his work for the day. . (Tennant v. Peoria & P. U. Ry. Co., 321 U. S. 29; Lavender v. Kurn, 327 U. S. 645; Ellis v. Union Pacific R. R. Co., 329 U. S. 649; Murphy v. Boston & Maine Railroad, 319 Mass. 413; Eglsaer v. Scandrett, 151 F. 2d 562; Rivas v. McAllister Lighterage Line, 151 F. 2d 848.) Under the restricted power of the court ov^r a jury’s verdict in actions under this Federal act, the determination of the jury on the body of proof in this record on the issue of liability may not be disturbed by a trial or appellate court. The exercise of the supervisory power of the court over a jury’s verdict on the issue of liability is exhausted when it appears that there is credible evidence presenting an issue of fact as to defendant’s negligence. (Lavender v. Kurn, supra, p. 653; Bailey v. Central Vermont Ry., 319 U. S. 350, 353; Tennant v. Peoria & P. U. Ry. Co., supra, p. 35; Palum v. Lehigh Valley R. Co., 165 F. 2d 3.) The court, therefore, erred in setting aside the verdict herein, especially where so much of the proof was contained in depositions, diagrams and exhibits.”
*978 The dissent of Judge Ftjld seems significant. If Judge Ftjld felt that the record was devoid of any evidence of negligence on the part of the defendant, the inference is reasonable that the evidence was so weak that the Court of Appeals in reaching its conclusion of affirmance necessarily adopted the rule stated by the Appellate Division.
The defendant’s motion to set aside the verdict as against the weight of evidence must be denied.
However, as to excessiveness of the verdict, the trial court is not limited by a rule peculiar to the act. ‘ ‘ The verdict, however, should be reduced in accordance with the discretion exercised by this court in that respect, even in death cases, under the Federal Employers’ Liability Act. (O’Reilly v. New York Central R. R. Co., 240 App. Div. 1009, affd. 264 N. Y. 626; Whittaker v. New York Central R. R. Co., 231 App. Div. 765, affd. 256 N. Y. 543; Millette v. New York, Westchester & Boston Ry. Co., 169 App. Div. 126.) ” (Hanley v. Erie R. R. Co., 273 App. Div. 257, 259.)
The plaintiff, a gatetender, testified that he was injured on April 3,1954, while pumping down the gates. On April 5,1954, he visited the office of his physician, Dr. Curtin. Dr. Curtin said that the plaintiff was unable to move his arm above his head and that he had inability to move his back properly. He treated the plaintiff throughout May and June and resumed treatment in August. His total bill was $174. From April 3, 1954, to July 5, 1954, the plaintiff lost no time from work. Dr. Curtin testified that he did not know that the plaintiff was working during that period of time.
On July 5, 1954, the plaintiff consulted Dr. Quandt. He gave Dr. Quandt no history of any accident on April 3. Coneededly there were language difficulties. Dr. Quandt found that the plaintiff was suffering from cardiovascular disease. Ho proof was offered that the disease was caused or aggravated by an accident. The plaintiff was continually disabled to Dr. Quandt’s knowledge to July 7, 1955. His disability was due to the cardiovascular condition and nervousness and depression. Dr. Quandt testified categorically that the plaintiff had no restriction of arm motion and no restriction of hack motion. He did complain of pectoral muscle soreness but the doctor “ was never able to definitely localize any soreness in those muscles.”
In applications to an insurance company for benefits the plaintiff in his own handwriting wrote “ 7/5/54” in answer to the question “ Date illness began or accident occurred ”.
The verdict is clearly excessive. Under Federal law as under State law the trial court may order a new trial absolutely or *979 conditionally (6 Moore on Federal Practice [2d ed.], § 59.08 [6], p. 3821 et seq.] 7 Carmody-Wait on New York Practice, § 21, p. 121). The verdict is not only so excessive as to be unjustified by the record but the proof as to damages is so irreconcilable in many respects and so obfuscate that the interest of justice requires a retrial rather than a conditional order. (Cf. Virginian Ry. Co. v. Armentrout, 166 F. 2d 400, 407.)
The verdict is set aside for excessiveness of damages and the defendant’s motions are in other respects denied.
Submit order on two days’ notice.