JONES *v.* NEW YORK CENTRAL RAILROAD COMPANY.

1. COMMERCE—FEDERAL EMPLOYERS' LIABILITY ACT—FEDERAL PRECEDENTS.

The law to be applied by State courts in actions brought under the Federal employers' liability act is governed by decisions of the Federal courts (45 USC, § 51).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 32 Am Jur 2d, Federal Employers' Liability and Compensation Acts § 58.
Comment Note—Applicability of state practice and procedure in Federal Employers' Liability Act action brought in state courts. 79 ALR2d 553.
[2] 32 Am Jur 2d, Federal Employers' Liability and Compensation Acts § 73.
[3–5] 32 Am Jur, Trial §§ 332, 336; 32 Am Jur 2d, Federal Employers' Liability and Compensation Acts § 73.
[6] 53 Am Jur, Trial § 97; 4 Am Jur 2d, Appeal and Error § 521; 29 Am Jur 2d, Evidence § 251.
[7] 29 Am Jur 2d, Evidence §§ 298, 300, 301, 302.
[8] 23 Am Jur 2d, Depositions and Discovery §§ 143, 293, 296.
[9] 23 Am Jur 2d, Depositions and Discovery § 285.
[10] 23 Am Jur 2d, Depositions and Discovery §§ 143, 285, 293, 296.

2. SAME—FEDERAL EMPLOYERS' LIABILITY ACT—SUFFICIENCY OF EVIDENCE.

A question is presented for jury determination in an action under the Federal employers' liability act when there is proof, even though entirely circumstantial, and no matter how slight, from which a jury might, with reason, conclude that negligence of the employer played any part at all in the injury or death of an employee (45 USC, § 51).

3. SAME—FEDERAL EMPLOYERS' LIABILITY ACT—SUFFICIENCY OF EVIDENCE—MOTION FOR DIRECTED VERDICT.

The proofs must be viewed in their entirety and in the light most favorable to plaintiff when considering a defendant's motion for directed verdict under the Federal employers' liability act (45 USC, § 51).

4. SAME—FEDERAL EMPLOYERS' LIABILITY ACT—DIRECTED VERDICT.

A trial court has authority to withdraw the question of negligence from jury determination, in an action under the Federal employers' liability act, when the proofs are lacking, but such determination is very restricted and must not amount to a premature denial of an injured party's right to a jury trial (45 USC, § 51).

5. SAME—FEDERAL EMPLOYERS' LIABILITY ACT—SUFFICIENCY OF EVIDENCE—DIRECTED VERDICT.

Directed verdict for defendant railroad in plaintiff's action under Federal employers' liability act to recover for injuries through alleged negligence of defendant in maintenance of a switch *held*, error, requiring reversal and grant of a new trial, where there was testimony that (1) the switch which plaintiff claimed was defective could normally be operated with 1 hand, (2) the lever operating the switch in question had been hard to operate for some time, (3) plaintiff had previously informed defendant's yardmaster that the switch in question was hard to operate, (4) plaintiff's injury occurred when the lever operating the switch suddenly and unexpectedly fell forward so that plaintiff did not have time to let go, and (5) defendant's yardmaster found the switch hard to operate immediately after plaintiff's injury, since such evidence presented a jury question as to whether plaintiff's injury was the result of a defective switch which defendant failed to correct after ample notice thereof, and, under the statute, a case for jury determination is made whenever the proofs would justify, with reason, the conclusion that employer negligence played any part, even the slightest, in producing the injury for which damages are sought (45 USC, § 51).

6. TRIAL—EVIDENCE—DISCRETION OF COURT.

> The exclusion of offered evidence is addressed to the discretion of the trial judge, and his determination will not be reversed, absent an abuse of such discretion.

7. SAME—EVIDENCE—OTHER SIMILAR CONDITIONS—DISCRETION OF COURT.

> Trial court's exclusion of evidence relating to the general condition of switches in defendant's railyard, and to the existence of other defective switches *held*, proper, where plaintiff sought to recover damages for injuries sustained as the result of a particular switch which he claimed was defective, and such evidence did not relate to that switch.

8. DISCOVERY—MOTION FOR PRODUCTION—COURT RULES.

> Party seeking production and inspection of documents, pursuant to court rule, must comply with court rules requiring that he make a factual showing that there is "good cause" for the requested production and that the items sought are relevant (GCR 1963, 306.2, 310).

9. SAME—MOTION FOR PRODUCTION OR INSPECTION—WAIVER.

> A party waives any objection that he may have to a trial court's failure to grant a motion for the production or inspection of documents by failing to bring the matter to the court's attention until after trial or judgment (GCR 1963, 306.2, 310).

10. SAME—MOTION FOR PRODUCTION AND INSPECTION—COURT RULES—WAIVER.

> Claim by defendant that the trial court committed reversible error in failing to grant his motion for the production and inspection of certain documents *held*, without merit, where he made no factual showing that they were relevant or that there was "good cause" for the production requested, as required by the court rules, and also waived any objection that he had to the failure to grant his motion by not bringing the matter to the court's attention until after trial and judgment (GCR 1963, 306.2, 310).

Appeal from Jackson; Simpson (John), J. Submitted Division 2 May 5, 1967, at Lansing. (Docket No. 146.) Decided December 1, 1967.

Complaint by Robert Jones against the New York Central Railroad Company to recover damages for

injuries sustained while operating an allegedly defective switch in defendant's railyard. Directed verdict for defendant. Plaintiff appeals. Reversed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Badgley, Domke, McVicker & Marcoux,* for defendant.

LESINSKI, C. J. Pursuant to the Federal employers' liability act, 45 USCA § 51 *et seq.,* the plaintiff brought suit against the defendant to recover damages for injuries he suffered on October 7, 1962, while operating a switch in the defendant's Jackson, Michigan, railyard. The plaintiff alleged that because of the failure of the defendant to maintain the switch in a reasonably safe condition, he sustained an injury to his neck and shoulder which aggravated a pre-existing injury.

Plaintiff had been employed by the defendant from 1953 until his injury, as a switchman, it being his function to operate switches throughout the railyard. The duty of a switchman is to move rails, through the use of a switching device, to enable railroad cars to be diverted from one track to another. The switch is hand operated by lifting a lever with a ball weight at one end from a horizontal position up and through a vertical arc and putting it down in a horizontal position at the opposite end of the arc. Normally such a switch could be "thrown" with one hand.

Plaintiff testified that the switch that caused his injury had worked "hard" for some time. He complained to defendant's yardmaster, Mr. DePalma, concerning the operation of this switch, during the 1-month to 6-week period immediately preceding the date of the accident. The plaintiff noted no differ-

ence in the operation of the switch after these ·complaints. He stated that he did not know what caused the switch to "throw hard."

On the day of the injury, plaintiff had "thrown" the particular switch a number· of times prior to the injury, and the switch had operated "hard." On the occasion of the alleged injury, the ball and handle at the end of the lever began to move the rails at which point, as before, plaintiff had to use both hands and force the lever over and downwards. While pushing with both hands, the switch suddenly and unexpectedly dropped forward and downward so quickly that plaintiff did not have ·time to let go.

Plaintiff immediately reported the injury on. one of the defendant's forms and advised yardmaster DePalma of the incident. The yardmaster went. out and checked the switch and found that it worked "hard."

After the accident the plaintiff remained on the job and operated the same switch several times. He found that it operated "hard" as before. Several hours later the severity of the plaintiff's injury worsened and being unable to continue, he left work and went home. He was treated by a doctor and missed two months of work as a result of his injury.

At the close of the plaintiff's proofs, the defendant moved for a directed verdict on the ground that the plaintiff had failed to establish a jury question on the issue of the defendant's negligence. · The motion was granted and a judgment of no cause of action upon direction of the court was entered. The plaintiff moved for a new trial but such motion was denied.

From the adverse ruling of the trial court, the plaintiff brings the present appeal alleging error in the court's withdrawal of the issue of defendant's

negligence from jury determination. As additional assignments of error, plaintiff contests the trial court's exclusion of certain testimony, offered by witnesses for the plaintiff, relative to the general condition of the defendant's switches, and the failure of the trial court to grant plaintiff's motion for discovery of certain items, such motion being made 6 months prior to trial.

The law to be applied by state courts in actions brought under the Federal employers' liability act is governed by decisions of the Federal courts. See *Brady* v. *Southern R. Co.* (1943), 320 US 476 (64 S Ct 232, 88 L ed 239).

In support of plaintiff's position that he had made a sufficient showing for a jury determination of the defendant's negligence, he directs our attention to the case of *Rogers* v. *Missouri P. R. Co.* (1957), 352 US 500 (77 S Ct 443, 1 L ed 2d 493). In *Rogers* the United States Supreme Court stated at 506–508:

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. * * * Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. * * * The inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. The burden of the employee is met, and the obligation of the employer to pay damages arises,

when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference."

Defendant argues that we are to be guided by *Atlantic C. L. R. Co.* v. *Collins* (CA4, 1956), 235 F2d 805, the case relied on by the trial judge for guidance in this cause. Though we see much similarity in the facts of that case and the case at bar, it can readily be distinguished on its facts. Aside from the question of notice in the case at bar, there was not only evidence that the switch "threw hard" but that on the occasion of the injury it operated erratically in that it started to "throw hard" but suddenly "fell easy" when the rails were about to switch. This was not the normal manner for the switch to operate.

Considering plaintiff's proofs in their entirety and viewing them in a light most favorable to him, *Swider* v. *Delaware & Hudson Railroad Corp.* (1956), 3 Misc 2d 975 (159 NYS2d 998), there was a sufficient showing to warrant a determination by a jury of the question of the defendant's negligence. From the testimony at trial, it was evident that a switch such as here involved could normally be operated with one hand, but that because of the fact that it "threw hard," two hands had to be used. At the time of the injury, the switch functioned in an erratic manner in that it "threw hard" and then "fell easy." It is upon the allegations of the erratic operation of this switch, which were substantiated by the testimony at trial, that a factual issue of negligence was presented.

Further, in his complaint to the yardmaster, made 6 weeks prior to the injury, the plaintiff gave defendant ample notice that the operation of the switch was not as it should be. The plaintiff testified that subsequent to notifying the yardmaster, he could

discern no improvement in the operation of the switch. Based upon this testimony, it could reasonably be inferred that the defendant was negligent in not correcting the situation when it had actual notice thereof and sufficient time to so do. It cannot be said, therefore, that the record was devoid of proofs as to the issue of the defendant's negligence.

This Court recognizes the authority of the trial court to withdraw the question of negligence from jury determination when the proofs are lacking. See *Atlantic C. L. R. Co.* v. *Collins, supra.* However, such determination by the trial court is very restricted, *Keith* v. *Wheeling & L.E. R. Co.* (CA6, 1947), 160 F2d 654, and must not amount to a premature denial of the injured party's right to a jury trial. This Court, therefore, concludes that the decision of the trial court to direct a verdict in favor of the defendant was improper, basing our decision on the following language of the *Rogers* decision, *supra,* at 506, which we are compelled to follow. "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought."

On the basis of the aforementioned consideration, this Court finds that a new trial is in order. Although the additional assignments of error are not controlling in our determination, they will be answered, since they are likely to arise again at the new trial.

The plaintiff contends that the exclusion by the trial court of certain testimony of a fellow employee, R. G. Raymond, and that of Robert E. Wolfe, chairman of the yard grievance committee, relative to the general condition of defendant's switches, was improper. A letter written by the latter witness

addressed to W. H. Hinderer, transportation super-
intendent of defendant railroad, was also excluded
upon defendant's objection. The exclusion of the
testimony and evidence was based upon the trial
court's determination that such evidence was irrele-
vant to the issue of the operation of the particular
switch in question.

The exclusion of offered evidence and testimony
is addressed to the sound discretion of the trial
judge, and from an appraisal of the evidence in the
instant case, this Court finds no abuse of that dis-
cretion. The issue in the instant case was not the
defective operation of all the switches throughout
the defendant's yard, but rather the defective oper-
ation of a particular switch. Allowing the intro-
duction of the excluded testimony and evidence
would have afforded the jury the opportunity to
infer that the condition of other switches was neces-
sarily applicable to the switch in question. Such
inference this Court finds would have been improper.

The evidence offered in the instant case should
be distinguished from cases in which evidence of
similar accidents, occurring prior to the accident
complained of, involving the same instrumentality
or condition, is admitted as being relevant to the
issue of the dangerous character of the instrumen-
tality or condition and to the defendant's knowledge
thereof. *Henwood* v. *Chaney* (CA8, 1946), 156 F2d
392. See, also, 70 ALR2d 167. The cases allowing
such evidence require not only that the prior acci-
dents be similar but that the conditions surrounding
them be similar to those present at the time of the
immediate injury.

The instant case does not fall within this rule.
Here there was absent any showing that there had
occurred any previous accident involving the par-
ticular switch in question. The letter written by
witness Wolfe contained the statement that "a large

percentage of switches all over the yard operate hard account of no maintenance." Assuming the accuracy of this statement, it cannot be concluded that "a large percentage" would necessarily involve the particular switch. We conclude, as did the trial court, that the offered evidence and testimony was irrelevant and abide by its decision to exclude.

Finally the plaintiff contends that the failure of the trial court to grant his motion for the discovery of certain statements, reports of investigation, photographs, maps, and charts pertaining to the accident of October 7, 1962, made prior to trial, constituted reversible error.

GCR 1963, 310, which incorporates by reference GCR 1963, 306.2, provides for the production of documents and evidence which are within the control of the opposite party. GCR 1963, 306.2, makes it necessary for a proper showing to be made by the party seeking discovery indicating that production will be determinative of the case before the court. The necessity of a proper showing prevents a party from embarking upon a fishing expedition into the papers and documents of the opposite party.

Assuming that failure of the court to rule upon the plaintiff's motion was, in effect, a denial, if the information sought was as relevant as the plaintiff herein contends, this Court can discern no reason why the plaintiff did not bring this matter to the court's attention at the commencement of the trial. In *Bank of America National Trust & Sav. Ass'n* v. *Hayden* (CA9, 1956), 231 F2d 595, the court, in discussing rule 34, Federal rules of civil procedure, upon which our GCR 1963, 310 is based, stated at 605: "If they believed that the production and inspection of the books and records of the partnership were essential to protect their rights appellants should have renewed their request for such an inspection and given the trial court an opportunity

to pass thereon in the light of the evidence as then developed."

In addition the availability of GCR 1963, 310, is limited by the rule that the request for discovery must be based upon "good cause." This is lacking in the instant case. In *Pearson* v. *Vander Wier* (1966), 3 Mich App 41, 44, this Court, in quoting from *Johnson* v. *Narmore* (1965), 1 Mich App 160, 166, stated:

" 'Controlling GCR 1963, 310 is discretionary and to satisfy the limitation contained in GCR 1963, 306.2, a factual showing, as opposed to mere statement of counsel, must be made that (a) denial of production or inspection will unfairly prejudice the party seeking same in the preparation of his claim or defense, or (b) such denial will cause the party undue hardship or injustice, or (c) that what is sought is a statement from an adverse party or other witness obtained by a party, his attorney, surety, indemnitor, or agent and a copy thereof was not given to the witness or party and satisfy the "good cause" rule stated by Justice BLACK in *J. A. Utley Company* v. *Saginaw Circuit Judge* (1964), 372 Mich 367.' "

Based upon the aforementioned considerations, this Court finds that the plaintiff not only failed to make a showing as to the relevancy of the items he requested, consistent with GCR 1963, 306.2, but also waived any objection he might have had to the failure of the trial court to rule thereon by not bringing this matter to the court's attention until after trial and judgment.

Reversed and remanded. Costs awarded to appellant.

QUINN and GILMORE, JJ., concurred.