### LaCroix *v.* GRAND TRUNK WESTERN RAILROAD COMPANY.

1. DISCOVERY—COURT RULES—DISCRETION OF COURT—ADMISSIBILITY OF EVIDENCE—PRETRIAL DEPOSITIONS.

   The discovery rule relating to the production of books, papers, documents, and other tangible things relating to the merits of a pending action or suit and giving the trial court discretion to order production of such matter for examination and making of copies by the moving party is not impeded by provisions of court rule relating to admissibility of evidence requirements pertaining to pretrial depositions (Court Rules No 35, § 6[b], No 40 [1945]).

2. SAME—DISCRETION OF COURT—STATEMENTS TAKEN FROM VICTIM OF TRAUMATIC AMNESIA.

   Trial court did not abuse his discretion in ordering defendant railroad company to produce stenographic statements taken by defendant's agent from either plaintiff wife or husband bearing upon matters involved in their actions arising from injuries husband received at railroad crossing at 4 a.m., which resulted in traumatic amnesia, which statements were taken while husband was in the hospital some 24 days after the accident and while he was still suffering from amnesia, since it is incumbent upon defendant to use the information thus obtained fairly and without overreaching and it is assumed that since he was under medication for a long period of time, he might be in a condition of shock and unable to recall just what had happened or to protect his rights and the statements might aid in refreshing his recollection (Court Rule No 40 [1945]).

Appeal from St. Clair; Streeter (Halford I.), J. Submitted June 12, 1962. (Docket Nos. 34, 35,

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Discovery and Inspection § 38 *et seq.*
[2] 17 Am Jur, Discovery and Inspection § 28.

Calendar Nos. 49,614, 49,615.)  Decided December 3, 1962.

Case by Mary I. LaCroix against Grand Trunk Western Railroad Company, a corporation, for dam-ages arising from personal injuries to her husband when his automobile was struck by train. Similar action by Walter H. LaCroix for personal injuries. Petition for discovery of statement taken while plaintiff Walter H. LaCroix was in hospital. Order entered for discovery. Defendant appeals. Affirmed.

*William H. Ryan* and *Peter E. Bradt,* for plaintiffs.

*Earl C. Opperthauser* and *Walsh, O'Sullivan, Stommel & Sharp,* for defendant.

Kavanagh, J.  Defendant railroad company is here on appeal, by leave granted, from an order entered by the trial court requiring defendant to produce stenographic statements taken from the plaintiffs by defendant's agent, so that the plaintiffs could examine and copy the same.  The trial judge entered the order under section 6 of Court Rule No 35 (1945).*

The cases involved are trespass actions for personal injuries to plaintiffs Walter H. LaCroix and Mary I. LaCroix.

The declarations of the plaintiff allege that at approximately 4 o'clock in the morning of April 25, 1958, the vehicle of the plaintiff Walter H. LaCroix was stuck on defendant's main line about 45 feet west of a crossing in Kimball township, St. Clair county, while headed in a westerly direction with its head-

* As added and amended.  See 334 Mich xl and 352 Mich xvii:—Reporter.

lamps duly lighted as required by law, and that while in that position it was struck by defendant's speeding eastbound passenger train.

Subsequent to the filing of the declarations and defendant's answers, the plaintiffs filed motions for discovery asking the trial court to order the defendant to produce all written, recorded, or stenographic statements obtained from either plaintiff by defendant, or anyone acting in defendant's behalf, in any way bearing on the matters involved in the 2 cases.

Defendant admits that a joint stenographic statement was taken from plaintiffs on May 19, 1958.

Plaintiffs claim that as far as they know, there were only 3 witnesses to defendant's train hitting the LaCroix car. These were the railroad engineer and fireman, and Mr. LaCroix himself. Mr. LaCroix's memory of this event was erased by a trauma. He has no present knowledge of how his injuries occurred or how his automobile became stuck on the railroad track. For evidentiary rules which may arise on account of such traumatic amnesia, see *Breker* v. *Rosema,* 301 Mich 685 (141 ALR 867).

Mr. LaCroix was hospitalized for about 4 months under constant medication. He remembers nothing for a continuous period beginning several hours before he was injured and ending several weeks later. During this period of amnesia defendant's claim agent took stenographic statements from Mr. and Mrs. LaCroix at the hospital. Mrs. LaCroix has no knowledge of how her husband was injured. Plaintiffs sought the stenographic statements in order to be able to prepare for trial. Defendant objected to the production of the statements on 2 grounds: first, that they would not be admissible under the rules of evidence governing trials; and secondly, that there was good cause not to produce the statements for plaintiffs' examination because such would permit and encourage plaintiffs to color their testimony

without fear of impeachment, and thus would not be in the interest of justice or in keeping with the spirit of the discovery rule of this Court.

Under the orderly process of preparing for trial under our present rule (Court Rule No 40 [1945]), which rule relates exclusively to discovery and production of books, papers, documents, or other tangible things relating to the merits of a pending action or suit, the trial court in its discretion, upon good cause shown, may order that any such books, papers, et cetera, be produced so that they may be examined and copied by the moving party. Thus the discovery authorized by Court Rule No 40 is not impeded by the admissibility requirement of Court Rule No 35, § 6(b) (1945). Such requirement pertains to pretrial depositions only.

While we might hold the lower court was correct in entering the order pursuant to Court Rule No 35, § 6(b), we do not so rule. The sole question is whether the trial judge abused the discretion which is provided by said Court Rule No 40, and we hold he did not. See our like view of said court rule in *Christie* v. *Board of Regents of University of Michigan*, 364 Mich 202.

It appears beyond question the plaintiffs have shown a substantial reason why they should be permitted to inspect and copy the stenographic statements taken by defendant's agent. No adequate showing has been made to the contrary. We can conceive of no reason why any damage would be suffered by defendant railroad company therefrom. Certainly, it cannot be denied that one of the purposes of an interview with a possible claimant as soon as possible after an accident is to obtain information to be used in resisting an unjust or exorbitant claim or to aid in the adjustment of the claim. But in obtaining and using such information against an adverse party, the conduct of the defendant in an

action on the claim should be attended with fairness and without overreaching.

It may also fairly be assumed that a patient in a hospital, under medication for a long period of time, might be in a condition of shock. It might further fairly be assumed that while in such a condition he would be unable to recollect just what had happened at the time of the accident or to appreciate the necessity of safeguarding his rights under such circumstances. The statements here involved were requested by the defendant railroad company and apparently voluntarily given by the plaintiffs under circumstances which should give the court concern to see that no unfair advantage was taken of the parties who voluntarily acceded to the request.

In view of the inability of plaintiff Walter H. LaCroix to recall any facts and circumstances surrounding the accident, the statements might aid in refreshing his recollection. In the interests of justice and fairness, those statements should be furnished to him.

Under these circumstances, we cannot say the trial judge abused his discretion.

The order is affirmed. Plaintiffs shall have costs.

CARR, C. J., and DETHMERS, KELLY, and OTIS M. SMITH, JJ., concurred with KAVANAGH, J.

SOURIS, J. (*concurring*). This appeal involves 2 cases consolidated for trial. Plaintiffs were granted, on motion, the right to discovery of what is described by defendant as a joint stenographic statement taken by defendant's agents from the plaintiffs shortly after occurrence of the events resulting in this litigation. Defendant appeals, on granted leave, claiming production of the plaintiffs' statement should not be

required because (1) Court Rule No 35, § 6 (1945),* does not permit discovery of matter not admissible under the rules of evidence and (2) production of the statement will prevent defendant from using it to impeach plaintiffs' expected trial testimony,—defendant's assumption apparently being that plaintiffs will, if necessary, pervert their testimony to conform to the statement regardless of their present actual recollection of the facts referred to therein.

Mr. Justice KAVANAGH affirms without squarely ruling upon the applicability of Court Rule No 35, § 6, to the discovery allowed by the trial court but affirms, nevertheless, on the theory that such discovery would have been within the range of the trial court's discretion under our old Court Rule No 40 (1945) practice. I concur in affirmance, but prefer to do so on the authority of Court Rule No 35, § 6, the rule relied upon below by plaintiffs, defendant, and the trial court.

*First.* Were these plaintiffs, whose cases were consolidated for trial, not related by marriage or by blood, but merely strangers involved in a single accident with like claims arising therefrom against the same defendant, we would not have much difficulty concluding that each plaintiff would be entitled under Court Rule No 35, § 6 (1945), to discovery from the common defendant of a statement taken from the other plaintiff. I see no compelling reason to treat these plaintiffs differently because they are married to one another or because the statement was a joint one.

*Second.* Defendant's concern about losing the advantage of possible impeachment of plaintiffs by having to produce this statement needs detain us only briefly. The function of a trial is to ascertain

---

* As added and amended. See 334 Mich xl and 352 Mich xvii.—
REPORTER.

truth for rendition of justice under law, not to impeach parties or other witnesses. We make no effort to deprive prospective witnesses of an opportunity to examine, if they wish, their depositions taken before trial. It could be argued that truth would be encouraged at trial were we somehow to forbid them the right to copies of such depositions; but we do not indulge such absurdities. I see no more valid reason to deny these plaintiffs the right to examine the stenographically recorded joint statement involved here.

It is not necessary to rule upon the right of a party under our present rules to discovery of his own statement given to an adverse party absent the circumstances of consolidated cases and of a joint statement by joint plaintiffs. See annotation at 73 ALR2d 12, "Statements of parties or witnesses as subject of pretrial or other disclosure, production, or inspection." That ruling someday may have to be made by us, but it is not necessary to decision in this case. See GCR 1963, 306.2 for pertinent practice in such matters on and after January 1, 1963.

Affirmed. Costs to plaintiffs.

Adams, J., concurred with Souris, J.

Black, J., did not sit.