OTTO TAYLOR CONSTRUCTION COMPANY *v.* SAGINAW
CIRCUIT JUDGE.

1. DISCOVERY—STATEMENTS BY PLAINTIFF TO DEFENDANT'S ADJUSTER.
   Discovery *held,* properly ordered as to statements made by plaintiff herself to adjusters for defendant construction company incident to action by plaintiff for injuries received when she drove her car into an excavation involved in repair of public street (Court Rule No 40 [1945]).

2. COSTS—DISCOVERY.
   No costs are allowed in mandamus proceeding to vacate an order granting discovery as to statements made to adjusters for defendant contractor by plaintiff herself incident to injuries she received when she drove her car into an excavation involved in repair of public street, where mandamus is denied with special directions as to work product of attorneys (Court Rule No 40 [1945]).

Original mandamus by Otto Taylor Construction Company, a Michigan corporation, against Hon. Fred J. Borchard, Saginaw County Circuit Judge, to compel him to vacate an order for discovery issued in a pending personal injury action arising from street repair work. Submitted February 4, 1964. (Calendar No. 30, Docket No. 49,808.) Writ denied March 5, 1964.

*Stanton, Taylor, McGraw & Collison (John W. McGraw,* of counsel), for plaintiff.

*Peter F. Cicinelli* and *Eugene D. Mossner,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Discovery and Inspection §§ 16, 28 and supplement. Statement of parties or witnesses as subject of pretrial or other disclosure, production, or inspection. 73 ALR2d 12.
[2] 35 Am Jur, Mandamus § 393.

BLACK, J. This is an original petition for mandamus, companion to and submitted with *J. A. Utley Co. v. Saginaw Circuit Judge,* 372 Mich 367. The principal difference between the *Utley Case* and this one is that the Taylor discovery order calls for production of statements made to adjusters by the plaintiff in negligence herself; whereas the *Utley* order calls principally for discovery of statements and documents made or prepared by persons other than the suing plaintiffs.

The presented questions are controlled as to answer by *LaCroix* v. *Grand Trunk W. R. Co.,* 368 Mich 321, and, so far as concerns the issue of privileged "work product," by *Wilson* v. *Saginaw Circuit Judge,* 370 Mich 404, plus the mentioned *Utley Case.*

Writ denied. No costs.

The trial court, counsel for all parties in this case as well as in the *Utley Case,* and the profession generally, are respectfully advised that the Court is considering an amendment of GCR 1963, 310, the purpose of which in the main will be that of eliminating, from the scope of Rule 310 only, the so-called admissibility qualification. Court and counsel may therefore, until advised otherwise, pursue the practice prescribed by former Court Rule No 40 (1945), so far as concerns the discovery of books, papers, documents, accounts, letters, photographs, exhibits, or tangible things not privileged within the *Wilson* and *Utley Cases.*

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.