BACKIEL v SINAI HOSPITAL OF DETROIT

Docket No. 88320. Submitted May 19, 1987, at Detroit. Decided October 20, 1987.

Judith Backiel, individually and as next friend of Darryl R. Backiel, a minor, and Frederick H. Backiel brought an action in the Wayne Circuit Court against Sinai Hospital of Detroit alleging medical malpractice. The court, Joseph B. Sullivan, J., granted defendant's motion to compel discovery of reports made by plaintiffs' expert witnesses to plaintiffs' attorney. Plaintiffs appealed by leave granted.

The Court of Appeals *held:*

Written communications between a party's attorney and his expert witness are protected from discovery by the work-product doctrine and are discoverable under the court rules only upon a showing of substantial need and undue hardship. The trial court required no such showing.

Reversed and remanded.

PRETRIAL PROCEDURE — DISCOVERY — EXPERT WITNESSES — WORK-PRODUCT DOCTRINE.

Written communications between a party's attorney and his expert witness are protected from discovery by the work-product doctrine and are discoverable under the court rules only upon a showing of substantial need and undue hardship (MCR 2.302[B][3][a]).

## *Sommers, Schwartz, Silver & Schwartz, P.C.* (by

REFERENCES

Am Jur 2d, Depositions and Discovery, §§ 50 *et seq.*

Protection from discovery of attorney's opinion work product under Rule 26(b)(3), Federal Rules of Civil Procedure. 84 ALR Fed 779.

Pretrial discovery of facts known and opinions held by opponent's experts under Rule 26(b)(4) of Federal Rules of Civil Procedure. 33 ALR Fed 403.

Development, since Hickman v Taylor, of attorney's "work product" doctrine. 35 ALR3d 412.

Pretrial deposition—discovery of opinions of opponent's expert witnesses. 86 ALR2d 138.

*Stanley S. Schwartz* and *Richard D. Fox*), for plaintiffs.

*Martin, Bacon & Martin, P.C.* (by *James N. Martin* and *John W. Crimando*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and GRIBBS and C. W. SIMON, JR.,* JJ.

PER CURIAM. In this medical malpractice action, the circuit court entered an order compelling the production of written reports prepared by plaintiffs' expert medical witnesses. Plaintiffs appeal by leave granted.

In supplemental answers to interrogatories propounded by defendant hospital, plaintiffs disclosed that their expert witnesses, Dr. Robert J. Lerer and Dr. Barry L. Singer, would give testimony regarding various alleged breaches of the standard of medical care owed by the hospital. The question to be decided in this appeal is whether the Michigan Court Rules of 1985 permit defendant additional discovery by way of production of reports prepared by the same witnesses. This appears to be a question without controlling Michigan precedent. Under the traditional formulation of the work-product doctrine, plaintiffs would have been entitled to a qualified immunity from discovery of their experts' reports. *J A Utley Co v Saginaw Circuit Judge,* 372 Mich 367; 126 NW2d 696 (1964); *Powers v City of Troy,* 28 Mich App 24, 27-40; 184 NW2d 340 (1970). However, resolution of this question is now controlled by MCR 2.302(B), which provides in pertinent part:

(3) Trial Preparation; Materials.
(a) Subject to the provisions of subrule (B)(4), a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

party may obtain discovery of documents and tangible things otherwise discoverable under subrule (B)(1) and prepared in anticipation of litigation or for trial by or for another party or another party's representative (including an attorney, consultant, surety, indemnitor, insurer, or agent) only on a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

\* \* \*

(4) Trial Preparation; Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subrule (B)(1) and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(a)(i) A party may through interrogatories require another party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter about which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

(ii) A party may take the deposition of a person whom the other party expects to call as an expert witness at trial.

(iii) On motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions (pursuant to subrule [B][4][c]) concerning fees and expenses as the court deems appropriate.

Much of the difficulty in application of the court rule stems from the meaning of the prefatory clause to subrule (B)(3)(a), which states that the

court rule formulation of the work-product doctrine is "[s]ubject to the provisions of subrule (B)(4)." Defendant argues that this clause means that subrule (B)(4), pertaining to discovery of the facts and opinions of expert witnesses, renders the work-product doctrine inapplicable when the discovery is oriented toward expert witnesses.[1] Rather than reading the "[s]ubject to" prefatory language to entirely displace the work-product doctrine, it is equally plausible to read that clause to mean "unless discovery is otherwise precluded by subrule (B)(4)."[2]

Although much of MCR 2.302(B) is new, the competing policy concerns of liberal discovery and the work-product doctrine are not. These concerns were articulated at length in the seminal case of *Hickman v Taylor,* 329 US 495, 510-511; 67 S Ct 385; 91 L Ed 451 (1947), where the Court stated:

> In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests.

[1] Defendant's position is supported by its citation to federal cases decided pursuant to the very similar wording of FR Civ P 26(b). *Beverage Marketing Corp v Ogilvy & Mather Direct Response, Inc,* 563 F Supp 1013 (SD NY, 1983); *Heitmann v Concrete Pipe Machinery,* 98 FRD 740 (ED Mo, 1983); *In re IBM Peripheral EDP Devices Antitrust Litigation,* 77 FRD 39 (ND Cal, 1977).

[2] See *Sprague v Director, Office of Workers' Compensation Programs, United States Dep't of Labor,* 688 F2d 862, 868-870 (CA 1, 1982); *Breedlove v Beech Aircraft Corp,* 57 FRD 202 (ND Miss, 1972); *Wilson v Resnick,* 51 FRD 510 (ED Pa, 1970).

> This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways—aptly though roughly termed by the Circuit Court of Appeals in this case as the "work product of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

As MCR 2.302(B)(4) recognizes, the facts known and opinions held by an expert are not work product. Those facts and opinions are subject to discovery by means of interrogatories, deposition, and further discovery ordered by the court. The arrangement of those facts and opinions in a report, made directly responsive to the inquiries of an attorney, is, however, work product; a disclosure of the report itself would betray those thoughts, mental impressions, formulations of litigation strategy, and legal theories of the attorney that are protected by the work-product doctrine. To hold that a party to a litigation could attain copies of those reports by merely making a demand for production without more would have the practical effect of chilling the ability of an attorney and his retained expert witness to freely communicate in writing. See also 2 Martin, Dean & Webster, Michigan Court Rules Practice, pp 173, 177.

We do note a significant difference between the Michigan and federal court rules. MCR 2.302(B)(4)(a)(ii) permits the taking of the expert's

deposition without first obtaining a court order. The federal rules do not. See FR Civ P 26(b)(4). In Michigan courts, complete discovery of the facts known and opinions held by an expert is virtually unimpeded. In many instances, the real, but unstated, reason for seeking discovery of written communications between the expert and the attorney is to intrude upon those mental impressions of the attorney that are protected by the work-product doctrine. In those instances when reasons for seeking the reports are legitimate, the MCR 2.302(B)(3)(a) allowance for discovery of documents and tangible things prepared in anticipation of litigation or for trial upon a showing of "substantial need" and "undue hardship" affords defendant an adequate remedy.

In the instant case, the circuit court granted discovery of the reports in an erroneous belief that defendant was entitled to them without making the showing of need required by MCR 2.302(B)(3)(a). Therefore, we reverse the order compelling the production of the experts' reports and remand without prejudice to defendant's right to seek a determination that it is entitled to them because of "substantial need" and an inability to obtain a substantial equivalent by other means "without undue hardship." MCR 2.302(B)(3)(a).

Reversed and remanded.