PEARSON v. Vander Wier.

1. Discovery—Discretion of Court—Test for Production of Statement.

Discovery of statement is discretionary with trial court and to order production of statement a factual showing must be made that (1) denial of production of statement will prejudice party demanding statement in preparation of claim, or (2) denial will cause that party hardship or injustice, or (3) that which is sought is statement from adverse party or other witness obtained by that party, his attorney, surety, indemnitor, or agent and a copy thereof was not given to the witness or party, and satisfy the "good cause" rule (GCR 1963, 306.2, 310).

2. Same—Amendment of Court Rules—Statement of Defendant's Employee.

Claim of defendant that deletion of portion of court rule during appeal pertaining to prohibition of discovery of statement tak-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 23 Am Jur 2d, Depositions and Discovery §§ 150, 293, 296.
  Statements of parties or witnesses as subject of pretrial or other disclosure, production, or inspection. 73 ALR2d 12.
[2] 23 Am Jur 2d, Depositions and Discovery § 238.
  Who is "employee" within statute permitting examination, as adverse witness, of employee of party. 56 ALR2d 1108.
[3] 23 Am Jur 2d, Depositions and Discovery § 279.
[5] 58 Am Jur, Witnesses §§ 675, 767.
[6] 23 Am Jur 2d, Depositions and Discovery § 191.
[7] 23 Am Jur 2d, Depositions and Discovery §§ 149, 270.
  Appealability of order pertaining to pretrial examination, discovery, interrogatories, production of books and papers, or the like. 37 ALR2d 586.

en from an adverse party or witness unless a copy of the statement be furnished the party or witness rendered moot whether plaintiff was entitled to discover statement taken from witness, an employee of defendant who was driving truck when it collided with plaintiff's car, *held,* untenable (GCR 1963, 306.2, as amended in 1965).

3. SAME—BURDEN OF SHOWING NEED—GOOD CAUSE.
Trial court always has to determine whether party seeking discovery of documents in control of opposite party has made a showing of good cause justifying issuance of discovery order (GCR 1963, 306.2, 310).

4. SAME—GOOD CAUSE.
*Good cause,* justifying issuance of an order for discovery, can only be judged by particular facts in a given case (GCR 1963, 306.2, 310).

5. WITNESSES—IMPEACHMENT—EXTRAJUDICIAL STATEMENTS.
Extrajudicial statements are admissible for the purpose of impeaching a witness.

6. DISCOVERY—GOOD CAUSE—EXTRAJUDICIAL STATEMENTS TO IMPEACH WITNESS.
Good cause had been shown by plaintiff to justify discovery order for statement by witness, an employee of defendant, to defendant's insurer wherein witness, in deposition, showed that statement to investigating officer was questionable and that further inconsistencies might exist, and *statement was needed to impeach witness* (GCR 1963, 306.2, 310).

7. APPEAL AND ERROR—INSTRUCTIONS—RETRIAL.
Court of Appeals will not decide if trial court's charge to jury was improper, when facts of case will be different on retrial due to trial court's failure to order production of document which might be used to impeach a defendant's witness.

Appeal from Ottawa; Smith (Raymond L.), J. Submitted Division 3 December 7, 1965, at Grand Rapids. (Docket No. 556.) Decided April 26, 1966. Rehearing denied May 27, 1966.

Complaint by Charles B. Pearson against Donald Vander Wier, individually and doing business as

Beacon Steel Supply Company, and Pat Hehl for injuries arising out of an automobile-truck accident. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Warner, Norcross & Judd* (*Harold S. Sawyer* and *George L. Whitfield,* of counsel), for plaintiff.

*Cholette, Perkins & Buchanan* (*Grant J. Gruel,* of counsel), for defendant Vander Wier.

FITZGERALD, P. J.   On February 20, 1962, Charles B. Pearson was driving his automobile in the eastbound lane of M-50 in Ottawa county, Michigan. Between 150 and 200 feet east of the intersection of M-50 and 96th avenue, plaintiff Pearson collided with a truck being driven by Pat Hehl, an agent of defendant Donald Vander Wier, doing business as Beacon Steel Supply.

The collision occurred when defendant's truck, which had been traveling in the westbound lane of M-50, started to make a left turn into the parking area of a small store located on the south side of M-50. Plaintiff's car struck the truck as it was moving across the eastbound lane and into the parking area.

Plaintiff Pearson brought an action naming Vander Wier and Hehl as codefendants.[1] His complaint alleged severe and permanent physical injuries, past and future pain and suffering, past and future loss of earnings, medical expenses, and property damage, all being the direct and proximate result of the accident, and prayed for judgment in the amount of $75,000.

Defendant's answer denied the allegations of negligence, contending that the collision was the result

---

[1] Although Hehl was named as a codefendant, he was never served with a summons and never became a party to the action.

of the negligence of plaintiff, or was at least the proximate result in part of the contributory negligence of the plaintiff.

Following the pretrial conference and other preliminary matters, plaintiff filed a motion for production of statements made by Pat Hehl to agents of defendant's insurance carrier. A deposition taken from Hehl revealed that he had given two such statements, but had been given a copy of neither. A hearing was had on this motion, for production of the statements which was denied by the trial court. A jury trial was commenced on February 8, 1965, and plaintiff brings this appeal from a verdict of no cause of action.

Plaintiff here contends that the verdict and judgment should be set aside and a new trial granted because of prejudicial error in two areas: First, that he was denied production of the statements made by the truck driver, Pat Hehl; second, that the trial court's charge to the jury was erroneous and prejudicial in two significant respects.

The most perplexing issue to arise from this matter is the contention of plaintiff that the trial court erroneously denied the motion for production of the written statements given by Pat Hehl, an employee of defendant and driver of the truck. Plaintiff states that GCR 1963, 310, which incorporates by reference GCR 1963, 306.2, provides that such statements shall be produced forthwith if they are not privileged under the attorney-client relationship or are not a part of the attorney's work product, upon a showing that no copy was given to the party or witness making the statement.

A test governing whether a statement should be ordered produced was contained in *Johnston v. Narmore* (1965), 1 Mich App 160, 166:

"Controlling GCR 1963, 310 is discretionary and to satisfy the limitations contained in GCR 1963,

306.2 a factual showing, as opposed to mere statement of counsel, must be made that (a) denial of production or inspection will unfairly prejudice the party seeking same in the preparation of his claim or defense, or (b) such denial will cause that party undue hardship or injustice, or (c) that what is sought is a statement from an adverse party or other witness obtained by a party, his attorney, surety, indemnitor, or agent and a copy thereof was not given to the witness or party and satisfy the 'good cause' rule stated by Justice BLACK in *J. A. Utley Company* v. *Saginaw Circuit Judge* (1964), 372 Mich 367."

While this particular reference (c) to the giving of a copy of such statement to the witness or party was deleted by amendment to the court rules on July 13, 1965, shortly before the filing of appellant's brief in this appeal, we cannot concur with defendant's contention that this is a moot point due to its removal from the court rule subsequent to the trial.

Plaintiff's contention, however, requires more minute examination than the sole issue of failure to supply a copy of the statement, *supra,* controlled as it is by the most recent pronouncements of our Supreme Court in this matter, namely, *Kalamazoo Yellow Cab Company* v. *Kalamazoo Circuit Judge* (1961), 363 Mich 384; *Wilson* v. *Saginaw Circuit Judge* (1963), 370 Mich 404; and *J. A. Utley Company* v. *Saginaw Circuit Judge* (1964), 372 Mich 367. While decided under prior court rules, nothing in them renders their principles inapplicable to the consideration before us.

It is interesting to note that in each of these cases mandamus action was brought against a circuit judge to compel him to vacate orders for discovery issued during the pendency of the matter, and that in each case, after exhaustive examination of the facts and the then current court rule, the

writ of mandamus in each instance was denied and the production order allowed to stand. Another case where the entire matter was considered at some length was *LaCroix* v. *Grand Trunk Western R. Co.* (1962), 368 Mich 321, wherein an order entered by the trial court requiring defendant to produce stenographic statements was affirmed.

From a minute examination of these cases, we cannot say that the Supreme Court reached the results indicated by holding that the matter of the production of statements rests without challenge solely within the discretion of the trial judge. Rather, they have provided in each case an exhaustive set of guidelines, reaching the culmination in *Utley, supra,* and best stated in syllabus No 8:

"A trial court always has to determine whether a party seeking discovery of documents in the control of the opposite party has made a showing of good cause justifying the issuance of an order for discovery."

This is the "good cause" rule of *Utley* which must override any consideration of a motion for production of statements. The term "good cause" we must observe, has a certain ambivalence and its proper application or rejection can only be judged by the particular facts of the given case.

That we may conduct a meaningful examination of the grounds upon which the trial court made its ruling, we set forth here in full the eight paragraphs supplied by counsel for plaintiff in an affidavit in support of motion for discovery:

"1. He is associated with Warner, Norcross & Judd, attorneys for plaintiff in the above-captioned action.

"2. Deponent is advised and believes that Patrick J. Hehl was in the employ of and was driving the

vehicle owned by the defendant Donald Vander Wier, at the time of the collision which is the subject matter of this suit.

"3. The deposition of Patrick J. Hehl was taken by the deponent on June 29, 1964.

"4. Patrick J. Hehl stated at his deposition that certain statements described in plaintiff's motion for discovery were given by him to persons whom he believed to be agents of the insurer of the defendant following the said collision and *that he was not given copies of these statements.*

"5. That deponent is advised and believes that the statements requested in said motion for discovery were obtained by agents of the insurer of the defendant herein.

"6. That deponent is advised and believes that said statements relate facts and circumstances concerning the subject matter of this action.

"7. The accounts of the collision which is the subject matter of this action given by the plaintiff and by Patrick J. Hehl *differ substantially* and that, therefore, the *credibility of said Patrick J. Hehl will be an important element of the plaintiff's case at the trial of this action.*

"8. Deponent is advised and believes that the statements sought in plaintiff's motion for discovery are in the possession, custody or control of the defendant or his insurers, and plaintiff is unaware of any other source of said statements." (Emphasis supplied.)

In its memorandum of law accompanying the affidavit, plaintiff submits, "One of the primary purposes for the discovery sought by plaintiff herein is the use of the statements for purposes of impeachment, and they would be admissible for that purpose," citing *Kalamazoo Yellow Cab Co., supra,* and the statement found therein, "Extra judicial statements are admissible for purposes of impeaching a witness. * * * If and when the cab driver is called to testify in the negligence suit he may be thus im-

peached and the accident report, or other similar statements, made by him may be used for that purpose."

What then does an examination of the record reveal concerning the statements of Pat Hehl and the possibility of impeaching him with a statement given purportedly to insurance agents shortly following the crash? We quote from a deposition of Pat Hehl taken by plaintiff on June 29, 1964, the transcript being certified by the reporter on July 8, 1964 (the motion and affidavit for production of the Hehl statement then being made on July 9, 1964):

"*Q.* Did you tell the officer that you had had difficulty with any part of your truck?

"*A.* Yes, I did.

"*Q.* What was that?

"*A.* I told him that the left front wheel had went —had just—apparently I couldn't steer. I don't believe I mentioned exactly what was wrong, I just stated I couldn't steer the truck.

"*Q.* Did you tell him you had difficulty with the brakes?

"*A.* No, sir.

"*Q.* You in fact did not have difficulty with the brakes or with the steering?

"*A.* That's right.

"*Q.* What was the purpose of telling the officer that you did?

"*A.* Well, the reason was that Mr. Vander Wier had wanted me back to Beacon Steel around noon so that I could get the order, I believe it was to Oldberg's Manufacturing in Grand Haven, and I didn't want him to know I had just stopped for—to grab something, you know, or to get something to eat before I continued on back."

It is obvious from the foregoing that Pat Hehl's statement to the investigating officer was, by his own admission, questionable, to say the least. What

further or more glaring inconsistencies might lurk in the statement to insurers we can only conjecture, since its production was denied.

Defendant cites as a rule of law the statement in 73 ALR2d 20, 43:

"It is not sufficient ground for ordering production of witnesses' statements that the attorney for the moving party would like to examine the statements to determine whether or not they furnish any basis for impeachment and would like to obtain such other useful information as the statements may contain."

We cannot say that this was the case here. Driver-witness, Pat Hehl, had already admitted that the report given the investigating officer and that given upon deposition varied substantially. Examination of his statement to defendant's insurers to determine the variants therein, and to search for other possible inconsistencies does not seem to us too much to ask in this day and age of liberal discovery, nor indeed in view of the other tests of prejudice, hardship, or injustice contained in GCR 1963, 306.2.

We hold then that "good cause" was shown in paragraph 7, *supra,* of plaintiff's affidavit in support of motion for discovery and its attendant memorandum in support thereof.

Once the "good cause" requirement of *Utley* has been satisfied, we feel that the trial court in the instant case had little latitude but to order the production of the Pat Hehl statement. Nonproduction of the statement is the gravamen of this appeal and left too many imponderables in this case: possible impeachment; vital admissions against interest; the proper preparation of a case. While a motion filed with the court should not necessarily precipitate an order, we feel that the failure to supply a copy of the statement plus the clear issue of the credibil-

ity of Pat Hehl, who was not a casual bystander, but rather the driver of the other vehicle, furnished sufficient grounds to require the trial court to order production of the statement.

We can imagine a case where the result we have reached here, *i.e.* that a statement should have been ordered produced, might be called harmless error; that ultimate production of the statement might produce an effect not demonstrably different from the result produced in the original trial. But this is not such a case, fraught as it is with the credibility issue.

One last consideration comes before this Court: the plaintiff's contention that the charge of the trial court with respect to applicability of certain statutes and regarding appellant's speed as contributory negligence was prejudicial.

Jury instructions molded to the facts adduced at the original trial of this case will not fit a trial where a crucial statement has been turned over to plaintiff for use in preparation for trial of the cause.

This opinion, limited as it is to a holding under a court rule deleted by amendment, would serve no purpose in examining in depth a set of jury instructions which would necessarily be altered under a retrial.

On the record before us, we hold that the order denying production of the Pat Hehl statement was erroneous and the judgment is set aside and the cause remanded for proceedings in conformity with this opinion. Costs to appellant.

HOLBROOK and T. G. KAVANAGH, JJ., concurred.