COVINGTON MUTUAL INSURANCE COMPANY *v.*
COPELAND

Discovery—Motions—Show Cause—Discretion of Court.
>    Cause must be shown as a prerequisite to the entry of a dis-
>    covery order under the court rules; hence, where defendant's
>    attorney moved for production of defendant's stenographic
>    statement taken by plaintiff but failed to show good cause
>    for the production of the statement, the court's discretionary
>    grant of order was error (GCR 1963, 306.2, 310.1).

Appeal from Court of Appeals, Quinn, P. J., and
T. G. Kavanagh and McGregor, JJ., denying leave
to appeal from Wayne, Fitzgerald (Neal), J.   Sub-
mitted May 9, 1969.   (Calendar No. 23, Docket No.
51,906.)   Decided June 2, 1969.

Complaint by Covington Mutual Insurance Com-
pany, as subrogee of Thomas Scheuer and Peggy
Scheuer, against Barbara Copeland for negligence.
Defendant's motion for production of documents for
discovery was granted.   Plaintiffs' application for
leave to appeal was denied by the Court of Appeals.
Leave to appeal granted by the Supreme Court.
Reversed and remanded to trial court for further
proceedings.

----

REFERENCES FOR POINTS IN HEADNOTE

23 Am Jur 2d, Depositions and Discovery §§ 157, 158.
Statements of parties or witnesses as subject of pretrial or other
    disclosure, production, or inspection.   73 ALR2d 12.

*Hess, Hibbs & Cahill,* for plaintiff.

*Lacey & Jones* (*William Smith,* of counsel), for defendant.

T. M. Kavanagh, J. Plaintiff-appellant is an insurance company represented by an attorney. Prior to commencing action, plaintiff's attorney took a stenographic statement from defendant Barbara Copeland. Defendant is now represented by attorneys and is available for giving her statement to her attorneys.

On June 7, 1967, defendant's attorneys moved for production of the stenographic statement and, the matter having come on for hearing, an order for the production of the stenographic statement of defendant was entered by the trial judge.

The Court of Appeals denied leave to appeal. Application for leave to appeal to this Court was granted. 380 Mich 760.

At oral argument before this Court counsel for defendant admitted that he had not shown good cause before the trial judge for the production of the statement involved. Also at oral argument, plaintiff's attorney conceded that the stenographic statement did not reflect any of his mental impressions, conclusions, opinion, or legal theories, and that it was not a part of his "work product."

In view of these admissions, the sole question before the Court is whether the trial court erred in not requiring the moving party to show cause under GCR 1963, 310.1 and GCR 1963, 306.2 as a prerequisite to entry of a discovery order.

GCR 1963, 310.1, provides in part:

"Power of Court. After commencement of an action the judge of the court in which the action

is pending *may,* upon motion of any party and upon notice to all other parties, and subject to the provisions of subrule 306.2:

"(1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any reasonably designated documents, papers  *  *  *  *not privileged, relevant to the subject matter involved in the pending action and which are in his possession, custody or control."*   (Emphasis added.)

The pertinent portion of GCR 1963, 306.2, provides:

"The court shall not order the production or inspection of any writing prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice.   The court shall not order the production or inspection of any party of the writing that reflects an attorney's mental impressions, conclusions, opinions, or legal theories."

Rule 310.1 provides that the trial court *may,* upon motion of any party, and after notice to all other parties, enter an order.   It is apparent that the word "may" directs the granting of the motion to the discretion of the trial court.

Rule 306.2 provides for entry of an order by the trial court either refusing or permitting discovery under certain circumstances.   This provision for consideration of the type of order to be entered impliedly moves the court to exercise discretion.

The discretion in both rules can be moved only by "cause shown."   See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 180–

183. "Cause shown" must at least meet the minimum requirements of both rules.

Since counsel for defendant admits he made no attempt to "show cause," the order granting discovery is reversed and the matter remanded to the trial court for further proceedings in accordance with this opinion.

T. E. Brennan, C. J., and Dethmers, Kelly, Black, Adams, and T. G. Kavanagh, JJ., concurred.