DANIELS v ALLEN INDUSTRIES, INC

Opinion of the Court

1. Discovery—Production of Documents—Motion—Discretion—Show Cause.

The granting of a party's pretrial motion for the production of documents prepared for the opposite party prior to litigation is discretionary with the court, and a cause must be shown by the moving party to require the court to exercise its discretion (GCR 1963, 310).

2. Appeal and Error—Discovery—Motion—Discretion—Abuse of Discretion—Standard of Review.

In determining whether the denial of a motion for pretrial discovery was an abuse of the trial judge's discretion the question is whether denial of the motion was so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

Dissent by V. J. Brennan, P. J.

3. Appeal and Error—Discretion—Abuse of Discretion—Standard of Review.

*The standard of review employed by an appellate court in determining abuse of discretion, that the result reached by the trial court must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias, is not appropri-*

References for Points in Headnotes

[1, 2] 23 Am Jur 2d, Depositions and Discovery § 149.

[3] 5 Am Jur 2d, Appeal and Error § 772.

[4] 23 Am Jur 2d, Depositions and Discovery § 157.

Scope or extent, as regards books, records, or documents to be produced or examined, permissible in order for inspection, 58 ALR 1263.

[5] 23 Am Jur 2d, Depositions and Discovery § 150.

*ate in situations where the reasons advanced by the lower court for its decision are erroneous.*

4. DISCOVERY—PRETRIAL MOTION—PRODUCTION OF DOCUMENTS—ADMISSIBILITY AT TRIAL—COURT RULES.

*The court rules provide that documents sought by discovery be relevant to the subject matter involved in the pending action, and no longer bar the production of documents because they would not be admissible at the trial of the case (GCR 1963, 302.2, 310.1).*

5. DISCOVERY—COURT RULES—"GOOD CAUSE".

*The prerequisite showing for an order permitting discovery is not limited to good cause in relation to answering or countering evidence or testimony to be used at trial, but includes any good cause in relation to the purposes sought to be achieved by modern liberal discovery (GCR 1963, 306.2).*

Appeal from Wayne, Michael L. Stacey, J. Submitted Division 1 June 12, 1972, at Detroit. (Docket No. 12885.) Decided November 28, 1972. Leave to appeal granted, 389 Mich 788.

Complaint by Beatrice Daniels and Mary Felder, for themselves and on behalf of all other persons similarly situated, against Allen Industries, Inc., to enjoin operation of defendant's manufacturing plant as a nuisance and for damages. Plaintiffs' pretrial motion for production by defendant of certain documents denied. Plaintiffs appeal by leave granted. Affirmed.

*Miller, Canfield, Paddock & Stone* (by *Charles L. Burleigh, Jr.),* for plaintiffs.

*Honigman, Miller, Schwartz & Cohn* (by *Robert A. Fineman),* for defendant.

Before: V. J. BRENNAN, P. J., and QUINN and BRONSON, JJ.

QUINN, J. July 31, 1970, plaintiffs filed a class action complaint against defendant alleging that

defendant operated its manufacturing plant in a manner that created air and noise pollution and a fire hazard in violation of city and county ordinances and that the operation constituted a nuisance. Plaintiffs further alleged that as a direct and proximate result of the maintenance of the nuisance, they suffered physical discomfort, annoyance, inconvenience, loss of the peaceful enjoyment of their home, and irreparable damage to their health. Plaintiffs sought injunctive relief and damages.

As the result of interrogatories served on defendant by plaintiffs, they learned of and identified certain documents in defendant's possession. These documents consisted of letters, reports, memoranda, and studies, all prepared prior to this litigation for defendant by its air pollution consultants concerning air pollution problems at defendant's plant. Plaintiffs then moved under GCR 1963, 310 for production of these documents on the basis that they contained relevant material evidence which might be utilized in whole or in part by defendant at trial. Following oral argument and consideration of briefs, the trial court denied plaintiffs' motion in an extensive opinion which was implemented by an order of denial. On leave granted, plaintiffs appeal.

The grant or denial of the discovery sought by plaintiffs was discretionary with the trial court, *Covington Mutual Insurance Co v Copeland,* 382 Mich 109, 111 (1969). This discretion can be moved only by "cause shown", *Covington, supra.*

Discretion and abuse thereof are defined in *Spalding v Spalding,* 355 Mich 382, 384–385 (1959):

"The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an

'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

The determinative question on this appeal is not whether we accept the reasons advanced by the trial judge for denial of the discovery sought. The question is, was his determination and the result "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias"? The record, briefs, and oral argument fail to persuade us that this denial of discovery can be so characterized. This conclusion obviates discussion of the other issues raised by this appeal.

Affirmed with costs to defendant.

BRONSON, J., concurred.

V. J. BRENNAN, P. J. *(dissenting).* I disagree with the rationale employed by the majority, and the result they reach thereby. I believe the standard of review borrowed from *Spalding v Spalding,* 355 Mich 382 (1959), is inappropriate in this case. First, a more complete view of the context from which the citation was taken makes it obvious that the standard enunciated therein was not intended to have universal applicability.

"We have held repeatedly, and we again hold, that we will not interfere with the discretion of the trial chancellor in these cases [amount of child support award] unless a clear abuse thereof is manifest in the result reached below. The kind of determination before us requires a weighing of human and economic factors

of the utmost complexity, a weighing that can best be accomplished at the local level, not in these chambers. In view of the frequency with which cases are reaching this Court assailing the exercise of a trial court's discretion as an abuse thereof, we deem it pertinent to make certain observations with respect thereto in the interests of saving expense to the litigants and avoiding delay in reaching final adjudication on the merits. *Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts.* The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance' thereof, not the exercise of reason but rather of passion or bias." (Emphasis added.) *Spalding, supra,* at 384–385.

The fact that this standard is not appropriate for all situations was recognized in *People v Charles O Williams,* 386 Mich 565, 573 (1972).

By adopting the *Spalding* standard and applying it to this case, the majority has ignored the trial court's rationale for denying plaintiffs' motion for discovery. After reviewing that rationale I find that I disagree with the trial court's "judicial opinion", but not with any of the trial court's conclusions regarding the facts of the case. The first basis advanced by the trial court was that the material sought to be discovered would not be admissible at the trial of the case. However, the inadmissibility of documents no longer precludes their discovery.

GCR 1963, 310, under which plaintiffs sought discovery, was amended to remove a reference to

GCR 1963, 302.2, which limited discovery to matter which would be admissible. Former rule 310 provided in pertinent part:

".1 Power of Court. After commencement of an action the judge of the court in which the action is pending may, upon a motion of any party and upon notice to all other parties, and subject to the provisions of subrule 306.2:

"(1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any reasonably designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by subrule 302.2 and which are in his possession, custody, or control; * * * ."

Rule 302.2 provides in pertinent part:

".2 Scope of Examination.

"(1) Persons taking depositions unless for good cause otherwise shown as provided by subrules 306.2 and 306.4, shall be permitted to examine the deponent regarding any matter not privileged *which is admissible under the rules of evidence governing trials and relevant to the subject matter involved in the pending action,* whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of relevant facts." (Emphasis added.)

New rule 310 has expanded the extent to which documents can be discovered by removing the reference to the admissibility requirement of rule 302.2 and replacing it with a mere relevancy requirement:

".1 Power of Court. After commencement of an action the judge of the court in which the action is pending may, upon motion of any party and upon notice to all other parties, and subject to the provisions of subrule 306.2:

"(1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any reasonably designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, relevant to the subject matter involved in the pending action and which are in his possession, custody, or control; * * * ."

Therefore, the inadmissibility of the documents does not preclude their discovery.

An additional basis utilized by the trial court is set forth as follows:

"This court feels that in addition to this observation, that requisite 'good cause' is good cause in relation to answering or countering evidence or testimony to be used at trial." (Opinion of trial court, p 15.)

A more accurate statement would be that the requisite "good cause" is good cause in relation to the purposes sought to be achieved by modern liberal discovery. I would not adopt the extremely limited position of the trial court. While I do not attempt to delineate all the purposes sought to be attained through the utilization of liberal discovery rules, I feel the following statement of this Court from *Roe v Cherry-Burrell Corp*, 28 Mich App 42, 53 (1970), is sufficient to indicate the inaccuracy of the restrictive view of the trial court:

"Properly employed, discovery conserves judicial resources—by facilitating settlement and by shortening the time it takes to try a case properly prepared for trial. Much of what is laboriously brought out during a

trial could be covered by stipulation based on the results of pretrial discovery; by narrowing the disputed issues, this would increase the impact of the competing presentations on the points in dispute.

"It seems to us, having in mind the clogged dockets of our trial courts, that the interest in shortening the interval between the commencement of an action and adjudication requires not only that we allow litigants to require disclosure of the other side's case in advance of trial, but further that in some cases it is the duty of the trial court to insist that the parties employ these and ancillary techniques in an effort to expedite the trial process and to reduce the backlog."

Finally, the court advanced a public-policy reason for the denial of discovery. The court below felt that permitting discovery in this instance would discourage voluntary anti-pollution studies and programs on the part of industry. The discouragement would stem from the polluter's knowledge that such a study could be discovered and used to facilitate a cause of action for damages against him. Again, I cannot endorse the reasoning of the trial court. A manufacturer whose operations pollute the environment would, if discovery were allowed in this situation, face two alternatives. On the one hand he could choose to do nothing regarding the undesirable side effects of his operation, and expose himself to continued and protracted litigation. On the other hand he could attempt to ameliorate and hopefully eliminate those side effects and eventually end litigation of this nature. In my opinion, the latter alternative is obviously superior even though it would admittedly have the short-term side effect of facilitating a plaintiff's task in litigation of this nature.

The trial court concedes that it would be easier to determine the members of the class sought to be represented if the information sought to be discov-

ered were available to plaintiffs. The trial court also conceded that it would be extremely difficult for plaintiffs to secure this information on their own. I would reverse the decision of the trial court because I feel the reasoning behind its decision was erroneous as a matter of law, and because the plaintiffs have established the requisite cause.