PETERS v GAGGOS

1. DISCOVERY—RULES—CONSTRUCTION.

Discovery rules are to be liberally construed in order to further the ends of justice.

2. DISCOVERY—ORDER TO PRODUCE—STATEMENTS—ADVERSE PARTIES—ANTICIPATION OF LAWSUIT—GOOD CAUSE—COURT RULES. .

A party to a lawsuit attempting to get a court order compelling the other party to the action to produce statements made by the other party and by knowledgeable witnesses and obtained by investigators or attorneys of the other side in anticipation of a lawsuit must comply with the good cause requirement in Rule 306.2 as well as the requirements in Rule 310.1 since such statements are still covered in Rule 306.2 as writings (GCR 1963, 306.2, 310.1).

3. DISCOVERY—ORDER TO PRODUCE—DOCUMENTS—ADVERSE PARTIES—SHOWING OF PREJUDICE—COURT RULES.

A party to a lawsuit seeking the production or inspection of documents prepared by an adverse party's indemnitor in anticipation of litigation must satisfy the trial court that the denial of the production of such documents would unfairly prejudice the party seeking production or would cause him undue hardship or injustice (GCR 1963, 306.2).

4. DISCOVERY—ATTORNEY AND CLIENT—STATEMENTS—ANTICIPATION OF LITIGATION—WORK PRODUCT—QUALIFIED IMMUNITY.

A client's statements to his attorney if obtained in anticipation of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Depositions and Discovery § 144.

[2] 23 Am Jur 2d, Depositions and Discovery § 150.

[3] 23 Am Jur 2d, Depositions and Discovery § 279.

[4–7] 23 Am Jur 2d, Depositions and Discovery §§ 195, 196.

Construction and effect of Rules 30(b), (d), 31(d), of the Federal Rules of Civil Procedure and similar state statutes and rules, relating to preventing, limiting, or terminating the taking of depositions. 70 ALR2d 685.

[7] 23 Am Jur 2d, Depositions and Discovery § 171.

Privilege of communications or reports between liability or indemnity insurer and insured. 22 ALR2d 659.

litigation or preparation for trial are work product and as such are cloaked with a qualified immunity from discovery without regard to whether they are prepared by an attorney or by some other person and whether such other person was engaged by an attorney.

5. DISCOVERY—WORK PRODUCT—ATTORNEY AND CLIENT—ORDER TO PRODUCE—SHOWING OF CAUSE.

All work product materials other than privileged attorney-client statements are subject to production to another party in a lawsuit upon a showing of cause by the other party.

6. DISCOVERY—ORDER TO PRODUCE—SHOWING OF CAUSE—WORK PRODUCT.

The requirement for a showing of cause by a party moving for an order for production of an opposing party's work product statements is generally satisfied where the moving party establishes that the statements cannot otherwise be obtained and that the statements would be useful to the moving party.

7. DISCOVERY—ORDER TO PRODUCE—GOOD CAUSE—ANTICIPATION OF LITIGATION.

A plaintiff in a medical malpractice action arising from the death of plaintiff's decedent made a sufficient showing of good cause for an order requiring the defendants to produce certain statements made to the defendants' indemnitor in anticipation of litigation where it was established that (1) the statements were made shortly after the death of plaintiff's decedent and 2-1/2 years before the plaintiff became aware of such statements and filed the motion to produce, (2) the statements could prove useful in resolving the dispute if they contained any admissions, and (3) the statements could be used for impeachment purposes.

Appeal from Oakland, Frederick C. Ziem, J. Submitted June 15, 1976, at Detroit. (Docket No. 22787.) Decided November 8, 1976.

Complaint by Joanne Peters, Administratrix of the estate of Stanley J. Peters, deceased, against Peter Gaggos, D. O., Barry Sachs, D. O., Norman Kopman, D. O., Bernard Goldstein, D. O., Alan Schwartz, D. O., and Martin Place Hospital East for medical malpractice. Plaintiff's motion to com-

pel the defendants to produce certain statements made by defendant doctors to an investigator of the defendants' insurer was denied. Plaintiff appeals by leave granted. Order denying production set aside and the cause remanded.

*Sommers, Schwartz, Silver, Schwartz & Tyler, P. C.,* (by *Byron E. Siegel),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *B. I. Stanczyk* and *John P. Jacobs),* for defendants Schwartz and Martin Place Hospital.

*Sullivan, Ranger, Ward & Bone,* for defendant Gaggos.

Before: BASHARA, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

R. M. RYAN, J. This is an interlocutory appeal by plaintiff from the September 5, 1973, and November 6, 1974, determinations of the Oakland County Circuit Court which denied the plaintiff's motions for production of certain statements made by defendant doctors and employees of defendant hospital to an investigator for defendants' insurer.

The present appeal arose out of a malpractice action instituted by the plaintiff as administratrix of the estate of Stanley J. Peters, against the defendant doctors and defendant hospital. In her complaint, plaintiff alleged that the defendants' malpractice had caused the wrongful death of her husband.

Upon receiving defendants' answers to a set of interrogatories, the plaintiff learned that numer-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ous statements concerning the events leading up to her husband's death had been obtained from defendant doctors and other employees of defendant hospital by an investigator employed by the defendant's insurer over 2-1/2 years before the instant suit.

Pursuant to GCR 1963, 310, plaintiff moved for a court order compelling the defendants to produce the statements made by defendant doctors to the investigator. In their answer to plaintiff's motion, defendants argued that they could not be compelled to produce such documents since they were obtained in anticipation of litigation and as such constituted defendants' work product. Therefore, under GCR 1963, 306.2, such statements were not discoverable.

It was further urged that the motion should be denied on the grounds that plaintiff had failed to show "undue hardship" or "good cause" for production and that the information contained in these statements could be obtained merely by deposing the defendants. On September 5, 1973, the court denied plaintiff's motion. Thereafter, plaintiff deposed 11 of defendant hospital's employees, including the attending physicians.

Upon learning of the Supreme Court's decision in *Daniels v Allen Industries, Inc,* 391 Mich 398; 216 NW2d 762 (1974), plaintiff renewed her previous motion to produce these statements. A hearing was held on this motion and the parties thereafter submitted briefs on this question. On November 6, 1974, the trial court once again denied plaintiff's motion.

I

The sole question to be adjudicated is whether

the trial court erred in denying the plaintiff's motion to compel defendants to produce certain statements apparently made in anticipation of litigation by defendant doctors to an investigator of defendants' insurer shortly after the death of plaintiff's husband.

As pointed out by Justice WILLIAMS in *Daniels, supra,* Michigan has a strong historical commitment to a far-reaching, open and effective discovery practice; discovery rules are to be liberally construed in order to further the ends of justice.

GCR 1963, 310.1 provides in part:

"After commencement of an action the judge of the Court in which the action is pending may, upon motion of any party and upon notice to all other parties, *and subject to the provisions of sub-rule 306.2:*

"(1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any reasonably designated documents, * * * or tangible things, not privileged relevant to the subject matter involved in the pending action and which are in his possession, custody, or control." (Emphasis provided.)

Citing this rule, the plaintiff argues that the lower court should have granted her motion to produce the statements made by defendant doctors to the insurance investigator. In her initial motion for production of the statements, the plaintiff set forth her reasons for seeking them:

"1. Said statements were obtained from defendant doctors by Robert Lichtman in the course of an investigation into the events underlying this present suit, which investigation was undertaken by Robert Lichtman shortly after the occurrence of these events.

"2. Robert Lichtman thus obtained statements from

defendant doctors at a point in time when the recollection of these doctors concerning these events was fresh.

"3. These statements were made to Robert Lichtman before an investigation was started on behalf of plaintiff.

"4. Thus plaintiff is unable to obtain from defendants equivalent statements due to the passage of time since the occurrence of the events in controversy.

"5. Plaintiff would thus suffer an undue hardship if unable to obtain these earlier statements of the defendant doctors, particularly as this present case concerns a complex matter of medical malpractice in which an accurate account of the controverted events is necessary toward developing a full understanding of what transpired.

"6. Further, this malpractice action concerns the death of Stanley J. Peters. As Mr. Peters is deceased only defendant doctors are available to testify as to the events which caused his death.

"7. Plaintiff therefore has substantial need and good cause for requiring the production of these statements since said statements may be used to refresh the recollection of the witnesses or to impeach their testimony."

In reply to this motion, defendants argued, as they do now on appeal, that since such statements were made "in anticipation of litigation" they constituted "work product" and were protected from discovery by GCR 1963, 306.2. Rule 306.2 provides in pertinent part that:

"The court shall not order the production or inspection of any writing prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice, except as provided in sub-rule 310.1(4). The court shall not order the production or inspection of any part of the writing that reflects an

attorney's mental impressions, conclusions, opinions, or legal theories."

The comments to Rule 306.2, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1975 Supplement at 31–32, indicate that it is uncertain whether or not the "work product" rule contained in Rule 306.2 applies to statements made by parties or knowledgeable witnesses which have potential value for impeachment or refreshing the recollection of a forgetful witness. This uncertainty arose as a result of the Supreme Court's 1965 amendment to subrule 306.2 deleting that portion of the rule which granted qualified immunity for the discovery of any "statement" obtained from a witness in anticipation of litigation.

In the aforementioned supplement, the authors suggest that the Supreme Court intended that such statements no longer be considered as "work product" within the ambit of subrule 306.2. If this Court were to adopt this interpretation, then it would only be required to determine whether the plaintiff had made a showing of good cause as required by subrule 310.1 and we would not be required to determine whether plaintiff had complied with subrule 306.2 by making the additional showing of prejudice, hardship or injustice.

Although such a construction is not unreasonable, Judge (now Justice) LEVIN in *Powers v City of Troy,* 28 Mich App 24, 37; 184 NW2d 340 (1970), felt constrained to conclude that such "statements" were probably still covered as "writings" in light of the Supreme Court's holding in *Covington Mutual Insurance Co v Copeland,* 382 Mich 109; 168 NW2d 220 (1969). Under Judge LEVIN's construction, the deletion of the word "state-

ments" from the rule is construed as merely an attempt to avoid redundancy within the rule.

This Court is of the opinion that Judge LEVIN was correct in relying upon the language in *Covington;* a party attempting to obtain statements made by other parties or knowledgeable witnesses must still comply with both Rule 310.1 and Rule 306.2.

In *Covington,* the Court was faced with the question of whether or not a defendant could obtain a copy of a prior statement made by her to plaintiff's counsel without first making a showing of "cause". It is clear upon a reading of *Covington* that, contrary to the interpretation of that case in the Honigman & Hawkins supplement, *supra,* it does not appear that the Supreme Court was merely confronted with the limited question of whether good cause was required for the production of statements under subrule 310.1.

The question as framed by the Court was "whether the trial court erred in not requiring the moving party to show cause under GCR 1963, 310.1 and GCR 1963, 306.2 as a prerequisite to entry of a discovery order". *Covington, supra,* at 110.

The Supreme Court set forth both rules in *Covington* and analyzed the facts of that case within the framework of both rules. It becomes obvious upon a close reading of *Covington* that it is necessary for a party to comply with both rules before discovery will be allowed for statements previously made by the parties or by knowledgeable witnesses.

As Judge LEVIN held in the *Powers* case, *supra,* the following language of the Supreme Court in *Covington* clearly implies that, despite the July

1965 amendment, "statements" are still covered as "writings" by the work product Rule 306.2:

> "The discretion in *both* rules can be moved only by 'cause shown.' * * * 'Cause shown' must at least meet the minimum requirements of *both* rules." *Powers, supra,* at 36. (Emphasis supplied.)

## II

The question, then, which remains for this Court to decide is whether the plaintiff complied with both these rules by making the required showings. We hold that she did.

As we previously noted, the work product rule, GCR 1963, 306.2, requires that a party seeking the production or inspection of documents prepared by an adverse party's indemnitor must satisfy the lower court that the denial of the production of such documents would "unfairly prejudice" him or would cause him "undue hardship" or "injustice". In determining whether such "undue hardship", "unfair prejudice" or "injustice" exists Judge LEVIN set forth the following test:

> "In summary, statements, except confidential statements by a client to his attorney, are not privileged. They are, however, if obtained in anticipation of litigation or preparation for trial, work product and, therefore, cloaked with a qualified immunity without regard to whether they are prepared by an attorney or by some other person and whether such other person was engaged by an attorney. Statements, other than privileged attorney-client statements, like all other work product, are subject to production upon a showing of 'cause'. *Cause is simply necessity—a basic thread in the law as in all of life.* And necessity is simply the inability of the requesting party otherwise to obtain the work product statement and its. apparent usefulness. Upon a finding that the statement cannot otherwise be obtained

and that it would be useful, the court will, assuming there is a real distinction between the 'cause' gloss on Rule 310 and the 'unfair prejudice—undue hardship—injustice' requirement of Rule 306.2, generally conclude that 'unfair prejudice' or 'undue hardship' has been shown or that it would be 'unjust' not to require that the statement be furnished." *Powers, supra,* at 37–38. (Emphasis supplied; footnotes omitted.)

Applying this standard to the facts herein, it becomes apparent that the plaintiff made a sufficient showing of "undue hardship". As in the *Powers* case, the statements in question had been taken shortly after the death of plaintiff's decedent (over 2-1/2 years before plaintiff became aware of such statements and filed the motion to produce). These statements could prove useful in resolving the dispute if they contained any admissions. In addition these statements could be used for impeachment purposes. See *Powers v City of Troy, supra,* at 39, *Pearson v Vander Wier,* 3 Mich App 41; 141 NW2d 685 (1966).

The value of such statements to the plaintiff is further enhanced by the nature of the action herein. As noted by the plaintiff in her motion, this is a complex malpractice action arising out of the death of plaintiff's husband. As a result, plaintiff is forced to rely on the testimony of the defendant doctors and the employees of the defendant hospital.

Furthermore, the defendants' contention that the need for such documents does not exist in view of the plaintiff's having deposed the doctors and others is without merit. In *Powers* the Court indicated that a deposition could not be said to be the equivalent of statements made by parties shortly after the occurrence of the event or events leading up to the action:

"[T]he requisite necessity or cause for the production of a statement is established when it was taken shortly after the event which it covers and, because of the passage of time, the memory of the witness at the time he gave the statement is likely to have been more precise than at the time discovery is sought; statements taken close to the event 'are unique in that they constitute the immediate impression of the facts * * * there can be no duplication by a deposition that relies upon memory, and an allegation of these facts, uncontroverted, is a sufficient showing of good cause'." *Powers, supra,* at 39–40. (Footnotes omitted.)

Based on the reasoning in *Powers,* we hold the plaintiff did properly establish the requisite necessity or cause prescribed by GCR 1963, 306.2.

As we previously stated, a party, in order to be successful in an attempt to have another party produce statements or other documents pursuant to GCR 1963, 310.1(1), must also make a showing of "good cause". This requirement of "good cause" although not specifically provided for within the rule has been construed by the Supreme Court as a prerequisite to the granting of a motion for the production of documents. *Daniels v Allen Industries, Inc, supra,* at 405, *Covington Mutual Ins Co v Coplin, supra,* at 111–112, *J A Utley Co v Saginaw Circuit Judge,* 372 Mich 367, 375; 126 NW2d 696 (1964).

It has been held that the "good cause" requirement is satisfied " 'when the moving party demonstrates that the information sought is or might lead to admissible evidence, *is material to the moving party's trial preparation,* or is for some other reason necessary to promote the ends of justice' ". *Daniels v Allen Industries, Inc, supra,* 406, *Franks v National Dairy Products Corp,* 41 FRD 234 (WD Texas, 1966). Since the statements sought did concern the action herein and were

taken shortly after the occurrence of the events giving rise to this litigation, they clearly were material to the moving party's trial preparation.

Therefore, we hold that the "good cause" requirement of *Utley* has been satisfied and plaintiff has met the *Franks* standard as adopted by *Daniels, supra.*

## III

While this Court recognizes that the lower court has considerable discretion in granting or denying a motion to produce, we find that the court was in error in denying plaintiff's motion for production of statements and the order denying production is hereby set aside. The cause is remanded to Oakland County Circuit Court for proceedings consistent with this opinion.