DAVIS v O'BRIEN

Docket No. 85972. Submitted March 12, 1986, at Detroit. Decided June 16, 1986. Leave to appeal denied, 426 Mich 869.

Rose M. Davis, individually and as personal representative of the estate of George C. Davis, deceased, and others brought an action against George M. O'Brien, Detroit Osteopathic Hospital Corporation and others in the Macomb Circuit Court alleging medical malpractice. Plaintiffs filed a notice to produce certain documents and items, which was not honored. Plaintiffs filed a motion under GCR 1963, 310 to compel production or, in the alternative, for an in camera inspection of the documents. Defendants then produced some documents and filed written objections to others. Plaintiffs renewed their motion under the then-newly enacted Michigan Court Rules. The court, Lawrence P. Zatkoff, J., denied the motion. Rose Davis appealed by leave granted. *Held:*

1. The Michigan Court Rules took effect on March 1, 1985, and govern all proceedings in actions brought on or after that date and all further proceedings in pending actions, but courts have discretion to permit actions pending on March 1, 1985, to proceed under the former rules if application of the new rules is not feasible or would work injustice. An injustice would occur where a party acts or fails to act in reliance on the prior rules and his action or inaction has consequences under the new rules which were not present under the old rules. An injustice does not occur simply because a different result would be reached under the new rules. The issue is governed by the new rules, since it is feasible to apply them and their application will not work an injustice.

2. There is no requirement that there be good cause for the

REFERENCES

Am Jur 2d, Courts §§ 82 *et seq.*

Am Jur 2d, Depositions and Discovery §§ 29, 89, 244 *et seq.*

Dismissal of state court action for failure or refusal of plaintiff to obey request or order for production of documents or other objects. 27 ALR4th 61.

discovery of relevant and nonprivileged documents and things under the Michigan Court Rules.

3. Under the Michigan Court Rules, documents and things which are relevant and not privileged are freely discoverable.

4. It is error for a trial court to deny a motion for the production of documents on the ground of privilege where the privilege is not apparent and the court failed to hold an in camera evidentiary hearing on the issue. The trial court should hold a hearing and compel production of all documents found to be relevant and nonprivileged.

5. Documents relating to the hospital's chain of command and the names of the hospital's board of directors are irrelevant and the trial court correctly denied discovery of them.

6. All other requested documents are relevant and the court should compel discovery.

Affirmed in part, reversed in part, and remanded with instructions.

1. COURTS — COURT RULES — RETROACTIVITY — INJUSTICE.

The Michigan Court Rules took effect on March 1, 1985, and govern all proceedings in actions brought on or after that date and all further proceedings in pending actions, but courts have discretion to permit actions pending on March 1, 1985, to proceed under the former rules if application of the new rules is not feasible or would work injustice; an injustice would occur where a party acts or fails to act in reliance on the prior rules and his action or inaction has consequences under the new rules which were not present under the old rules (MCR 1.102).

2. PRETRIAL PROCEDURE — DISCOVERY — GOOD CAUSE — COURT RULES.

There is no requirement that there be good cause for the discovery of relevant and nonprivileged documents and things under the Michigan Court Rules (MCR 2.310).

3. PRETRIAL PROCEDURE — DISCOVERY — PRIVILEGE.

It is error for a trial court to deny a motion for the production of documents on the ground of privilege where the privilege is not apparent and the court failed to hold an in camera evidentiary hearing on the issue.

*Bushnell, Gage, Doctoroff & Reizen* (by *Mark Reizen* and *Kathleen A. Stibich*), for plaintiff.

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Fos-*

*ter, P.C.* (by *Richard C. Boothman*), for Detroit Osteopathic Hospital Corporation.

Before: BRONSON, P.J., and R. B. BURNS and J. E. TOWNSEND,* JJ.

R. B. BURNS, J. We granted leave in this medical malpractice case to consider the trial court's denial of plaintiffs' motion to compel the production of certain documents. Interlocutory review is warranted because of the damage to plaintiffs' case if discovery is denied.

Decedent had been treating with Dr. O'Brien since 1972. Around August 28, 1981, decedent went to O'Brien's office with various physical complaints. O'Brien scheduled him for a complete gastrointestinal (GI) study. For four days in the following two weeks, decedent went to defendant Bi-County Community Hospital on an outpatient basis for radiologic testing. O'Brien obtained the x-rays from Bi-County and, apparently relying on the radiologist's interpretation, concluded that decedent was not suffering from a malignancy. After reviewing the x-rays himself, O'Brien completely ruled out a gastrointestinal malignancy. Decedent continued treating with O'Brien until November 20, 1981. By that time, O'Brien believed that decedent did, in fact, have a malignancy.

After conferring with a gastroenterology specialist, O'Brien concluded that, although it was not an emergency, decedent should be hospitalized. The specialist agreed to take care of decedent's admission to Bi-County. However, the hospital was unable to admit him for a week or more. Decedent's wife consulted with another physician and decedent was immediately admitted to Beaumont Hospital on November 23, 1981.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Decedent was diagnosed as suffering from an abdominal malignancy of either the GI tract or pancreas. He died on November 26, 1981. The cause of death was determined to be a cardiac arrest due to a carcinoma of the pancreas which had metastasized to the liver and peritoneum.

In their complaint, plaintiffs allege negligence on behalf of Bi-County and its employees by failing to diagnose decedent's cancer, failing to order additional testing, failing to admit decedent as a patient as requested by O'Brien, failing to report decedent's condition to O'Brien, failing to properly prepare or instruct decedent prior to preparing the GI examination, and failing to prohibit O'Brien from attempting to admit patients such as decedent, or attempting to surreptitiously admit patients through other physicians when O'Brien did not have full admitting privileges at Bi-County.

On February 11, 1984, plaintiffs[1] filed a notice to produce certain documents and items. The request to produce was not honored and, on September 12, 1984, plaintiffs filed a motion to compel production or, in the alternative, for an in camera inspection of the documents. The motion was brought pursuant to GCR 1963, 310, now MCR 2.310. Defendants subsequently produced some of the documents, but filed written objections to a number of the requests.

On May 10, 1985, plaintiffs renewed their motion, but brought the motion under the recently adopted court rules, specifically MCR 2.302(B), 2.305(B), 2.306(B), 2.310, 2.313, and 2.314(D). Plaintiffs sought production of the documents not yet voluntarily produced by defendants.[2] Plaintiffs ac-

---

[1] Although only the personal representative takes an appeal, all plaintiffs brought the discovery request and subsequent motions.

[2] Among the documents still sought by plaintiffs were

(1) The complete medical record of decedent,

knowledged a willingness to stipulate to the entry of a protective order restricting the use of documents claimed to be privileged or of a sensitive nature. Plaintiffs also requested an in camera inspection of any documents for which the discoverability continued to be challenged. The motion was denied and this appeal was filed.

For reasons that will become apparent, we must first determine whether the 1963 court rules or

(2) All contracts, agreements, leases or other documents concerning the relationship between O'Brien and Bi-County Hospital and O'Brien and any group performing radiologic services at the hospital,

(3) The hospital medical record index or other index evidencing the medical record system,

(4) By-laws of the hospital in effect in August and September, 1981,

(5) Hospital rules, regulations and guidelines,

(6) Hospital directives relating to the selection of the medical staff and granting of medical staff privileges, the nature and quality of patient care rendered at the hospital, the administration and operation of the department of radiology, the proper performance of GI examinations, the review of staff physicians, and the review of the radiologic care provided,

(7) Any documents relating to reports made to the state licensing or health department with regard to disciplinary action taken against any staff member relevant to the care of decedent,

(8) Documents relating to O'Brien's admission to the hospital medical staff, and review of O'Brien's qualifications,

(9) Documents relating to peer review and incident reports,

(10) Information with regard to the chain of command followed by personnel in reporting incidents of medically imprudent care,

(11) Names of hospital trustees in 1981,

(12) Documents evidencing the pattern of staff organization or internal management,

(13) Insurance information,

(14) Contracts, leases or agreements in existence in August and September, 1981, between the hospital and any other party providing radiology services or ancillary radiology services,

(15) Any documents relating to the approval, admission, credentials and review of any party providing radiology or ancillary radiology services,

(16) Documents relating to the hiring, training, supervising, and reviewing of the radiology department technicians,

(17) Documents or material routinely handed or provided to patients admitted,

(18) Documents relating to the names of all persons associated with the radiology department, and

(19) Accreditation information.

the 1985 court rules apply to this issue. MCR 1.102 provides:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.

Thus, the norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules. In this, defendants argue that the old rule pertaining to discovery, namely GCR 1963, 310, should be applied to this case since it was the controlling rule at the time of plaintiffs' initial request and that injustice would result if the new rules were applied.

Defendants' first argument, that GCR 1963, 310 should control since that was the rule in place at the time plaintiffs first brought the motion to produce, is unpersuasive. We are not faced with a situation in which a case or an issue was disposed of under the prior court rules and a party seeks to reopen the question under the new rules where the new rules would effect a different result. See *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383; 134 NW2d 713 (1965) (motion for delayed rehearing brought under new rules, when dismissal was granted under prior rules). In this case, the only action taken by the trial court was to order defendants to either produce the documents or file written objections. Defendants agreed to produce some documents, but filed written objections as to the remainder. No action was apparently taken on the unproduced documents until

May, 1985, when plaintiffs brought a new motion to produce the documents, this time relying on the newly adopted court rules. Although the discovery procedure was commenced under the old rules, that does not prevent the procedure from being completed under the new rules.

Defendants also argue that application of the new rules would work an injustice as to defendants. Defendants do not explain what this "injustice" is, but presumably it is that the new rules may be more favorable to plaintiffs than the old rules.[3] However, an injustice is not present merely because a different result would be reached under the new rules. Rather, we believe the type of injustice that MCR 1.102 concerns itself with is that which is caused by a party's reliance on the prior rules. That is, an injustice is committed where a party acts, or fails to act, in reliance on the prior rules and his action or inaction has consequences under the new rules which were not present under the old rules. See *Solosth v Pere Marquette R Co,* 255 Mich 62; 237 NW 554 (1931) (party failed to make timely jury demand in reliance on prior court rule). In this case, defendants do not argue that they relied to their detriment on the prior court rules. Although the result may be different under the new rules, no injustice will result by applying these rules.

Since it is feasible to apply the new court rules and no injustice will result by applying them, we shall proceed by applying the 1985 court rules.

Although our resolution of this issue will be based on the 1985 court rules, we must nevertheless consider the 1963 rules. GCR 1963, 310.1(1) provided for the trial court to order the production of documents upon motion of any party. Although

---

[3] See discussion of this issue, *infra.*

not specifically provided for in the court rule, a good cause requirement has been construed by the Supreme Court as a prerequisite to the granting of a motion for the production of documents. *Daniels v Allen Industries, Inc,* 391 Mich 398, 406-407; 216 NW2d 762 (1974); *Covington Mutual Ins Co v Copeland,* 382 Mich 109, 111-112; 168 NW2d 220 (1969); *J A Utley Co v Saginaw Circuit Judge,* 372 Mich 367, 375; 126 NW2d 696 (1964).

Plaintiff contends that the new court rule governing discovery of documents and things, MCR 2.310, has eliminated the good cause requirement. Plaintiff concludes that it need not demonstrate good cause for the production of the requested documents.

The staff note to MCR 2.310 states that it is based on rule 34 of the Federal Rules of Civil Procedure. As originally adopted in 1938, FR Civ P 34 required a showing of good cause by the moving party for the production of documents and things. The federal requirement of good cause subsequently became considered as an undesirable limitation for three reasons: (1) no one knew what it meant; (2) it led to confusion between trial preparation materials and other classes of documents and things; and (3) except for trial preparation materials it had little effect in actual practice. See 8 Wright & Miller, Federal Practice & Procedure, § 2205, p 594.

The federal rule was amended in 1970 eliminating the good cause requirement. Under the present rule, any document or thing which is not privileged and which is relevant to the subject matter involved in the pending action is freely discoverable upon request. FR Civ P 26(b), 34. Rule 26(b) protects privileged documents, documents assembled in preparation for litigation, and documents

relating to a party's expert witnesses with a stricter standard for discoverability.

Under the Michigan rules, as under the federal rules, protection is provided to the parties from whom production is sought by the more specific provisions of MCR 2.302(B) relating to materials assembled in preparation for trial and to experts retained or consulted by the parties. Many Michigan cases in which a showing of good cause was required for production involved documents prepared in preparation for litigation. See e.g., *J A Utley Co, supra; Peters v Gaggos,* 72 Mich App 138; 249 NW2d 327 (1976); *Powers v City of Troy,* 28 Mich App 24; 184 NW2d 340 (1970); *Jones v New York R Co,* 8 Mich App 575; 155 NW2d 216 (1967). Such documents are now protected by MCR 2.302(B). Hence the good cause requirement is no longer necessary for the production of these types of documents.

With respect to nonprivileged documents and things, and documents not assembled in preparation for trial, the Advisory Committee on the 1970 amendment to FR Civ P 26 aptly noted, "[a]part from trial preparation, the fact that the materials sought are documentary does not in and of itself require a special showing beyond relevance and absence of privilege." Advisory Committee Note to the 1970 amendment of Rule 26(b)(3), 48 FRD 500. Without more, discovery should not be less available where relevant, nonprivileged information is contained in a document than when such information is lodged in the memory of a witness. *Crowe v Chesapeake & O R Co,* 29 FRD 148, 150 (ED Mich, 1961). These findings are no less applicable to nonprivileged documentary materials sought to be discovered in Michigan.

Finally, as noted above, MCR 2.310 is based on FR Civ P 34. The rule adopts the federal formula-

tion of requiring a party to serve a request for production of documents or things before seeking a court order, as was required by GCR 1963, 310.1. See Staff Notes, MCR 2.310. Discovery practice in federal courts goes forward on notice or demand without judicial intervention unless the party from whom production is demanded seeks a protective or restrictive order. The staff note indicates that reduction of judicial intervention was the purpose of the change in discovery of documents and things. An interpretation of the new rule as requiring a demonstration of good cause for the production of documents and things would render the change meaningless as courts will continue to be burdened with contests over whether good cause has been demonstrated. Consequently, we conclude that the Supreme Court, in promulgating MCR 2.310, intended to follow the federal courts and abandon the good cause requirement.

We now turn to consideration of the discoverability of the documents in question. Plaintiffs originally sought production of eighteen categories of documents. Defendants agreed to produce hospital rules and regulations in effect during August and September, 1981, relating to various aspects of the administration of a GI examination. Defendants objected to the remainder of the requests on the basis of relevancy, materiality and privilege. Plaintiffs then filed a renewed motion to compel the production of documents or, in the alternative, for an in camera inspection of the documents to which defendants objected.

Documents and things which are not privileged and which are relevant to the subject matter involved in the pending action are freely discoverable upon request. MCR 2.301(B); MCR 2.310(A). The party submitting the request may move for an order compelling discovery with respect to an

objection to or a failure to respond to a request for production. MCR 2.310(B); MCR 2.313(A). A trial court has considerable discretion in granting or denying a motion to produce. *Peters, supra,* p 149.

First, we consider defendants' claim of privilege. Defendants object to the production of a number of the documents because those documents are subject to a statutory privilege.[4] Because of the procedural posture of this case, it is impossible for us to determine what privilege, if any, may attach to these documents. This issue must first be resolved by the trial court after holding an in camera evidentiary hearing. See *Monty v Warren Hospital Corp,* 422 Mich 138; 366 NW2d 198 (1985). The trial court erred in denying plaintiffs' request for such a hearing.[5]

Next, we consider the issue of relevancy. To be discoverable, documents must be relevant. MCR 2.302(B). The allegations in plaintiffs' complaint are directed to the care and treatment rendered patients, whether they are inpatients or outpatients, who are treated at the hospital. Hence those requests for documents relating to rules, regulations and guidelines on the selection of hospital medical staff, the nature and quality of patient care rendered, the operation of the department of radiology, the method of review of the department of radiology staff, and procedure followed by any entity assuring quality care is rendered in the department of radiology are all relevant with regard to the quality of care rendered by the hospital.

Similarly, documents relating to the hiring,

---

[4] See MCL 333.21513; MSA 14.15(21513), MCL 333.21515; MSA 14.15(21515), and MCL 333.20175; MSA 14.15(20175).

[5] We do note that, with two exceptions, defendants' claim of privilege, at first blush, appears strong. However, we are skeptical that privilege applies to the hospital's rules and regulations or to documents related to the hospital's accreditation.

training, supervision and review of radiology technicians, and documents relating to the maintence of the apparatus used in the administration of the examination performed on plaintiffs' decedent are relevant on the issue of the quality of care rendered by the hospital and its staff.

Documents listing the pattern of staff organization or management, and listing the people associated with the department of radiology are relevant as they will lead to evidence concerning all personnel who rendered treatment to plaintiff.

The bylaws of the hospital are, for the most part, irrelevant on the issue of the quality of care rendered plaintiffs' decedent in defendant hospital. However, the bylaws are relevant insofar as they set forth the purpose of the review of members of the hospital staff. If the bylaws provide that the purpose of the review function is to mete out discipline to physicians providing inadequate health care, then that part of the review conducted by the reviewing entity is not protected by the statutory privilege found in § 21215.[6] Hence the bylaws are relevant and discoverable as they are reasonably calculated to lead to the discovery of documents requested by plaintiffs.

Contracts, leases or agreements between the hospital and O'Brien, or the hospital and another individual or entity providing radiology services are relevant for providing information concerning the responsibility for purchasing and maintenance of x-ray equipment and the staffing of the department of radiology.

Written rules and regulations concerning the chain of command for reporting incidents or medically imprudent care are irrelevant for the purpose of determining the quality of care rendered in

---

[6] MCL 333.21215; MSA 14.15(21215).

the hospital. In any event, this information could be found in the bylaws and the written rules and regulations of the hospital.

Policies of insurance covering the hospital, the board of directors, O'Brien and the department of radiology are discoverable under MCR 2.302(B)(2).

The names of the members of the board of trustees are irrelevant on the issue of the quality of care rendered in the hospital. Thus, they are not discoverable.

Finally, defendants have agreed to provide plaintiffs with the complete medical record of the care of decedent. The medical record index is relevant to determining if the complete record was produced and, therefore, is discoverable.

To summarize, documents related to the chain of command and the names of the hospital's board of directors are irrelevant and the trial court's order is affirmed with respect to these documents.[7] In all other respects, the order of the trial court is reversed. As for those documents which defendants claimed are privileged, the trial court shall conduct an in camera hearing to examine the documents and determine the existence, if any, of a privilege. The trial court shall order the production of those documents it determines to be relevant and nonprivileged. With respect to all other documents, the trial court shall enter an order compelling their production.

Reversed in part and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained. Costs to plaintiffs.

---

[7] More specifically, the items in paragraphs 8 and 9 of plaintiffs' February 7, 1984, document request.